## HUNTINGTON *vs.* CONKEY and others.

At the trial, in all cases where the damages are unliquidated, the plaintiff has the right to open the case to the jury, and have the reply.

Whenever the plaintiff has anything to prove, on the question of damages, or otherwise, he has the right to begin.

In other cases, where the damages are liquidated, or depend upon mere calculation — as the casting of interest — the party holding the *affirmative* of the issue has the right to begin.

The affirmative of the issue, in such cases, means the affirmative in *substance* and not in *form,* and upon the whole record.

The denial of the right to begin, to the party entitled to it and claiming it at the proper time, is error for which a new trial will be granted; unless the court can see, clearly, that no injury or injustice resulted from the erroneous decision.

Where, in an action upon a promissory note, the answer admitted the making of the note, and set up the defense of usury; *Held* that the plaintiff, being entitled, on producing the note at the trial, to have a verdict for the amount of it, without giving any evidence, unless the defense was sustained, the affirmative of the issue — the *onus probandi* — was upon the defendant, to establish his defense. And that it was therefore his right to begin — to open his defense to the jury, to introduce his evidence, and to reply.

*Held, also,* that the denial of that right to the defendant, and allowing the plaintiff to open and reply, was error, for which a new trial should be granted.

THIS was an action upon a promissory note, made by the defendant Eleazer Conkey and one Justus Yale, and indorsed by the defendant Joshua Conkey. The answer admitted the making and indorsing of the note, and set up the defense of usury. The action was tried at the Monroe circuit, January 13, 1860, before Hon. E. DARWIN SMITH and a jury. After the jury had been impanneled, Mr. Martindale, for the plaintiff, rose to open the case to the jury. To this the counsel for the defendants objected, on the ground that the defendants held the affirmative of the issues in the action, and that the burden of proof was on them, and that they had the right to begin and reply. The court overruled the objection, and permitted the counsel for the plaintiff to open, and held that said counsel had the right to begin and reply; to which ruling of the court the counsel for the defendants excepted. The counsel for the plaintiff then produced the promissory note upon which the present action was brought, and exhibited a computation of the amount claimed to be due thereon, which was admitted by the counsel for the defendant to be correct, by which it appeared that the sum of $800.87, principal and interest, was then due; and the said note was then read to the jury. The plaintiff then rested, and the case was opened to the jury in behalf of the defendants Joshua Conkey and Eleazer Conkey, it being admitted that the defendant Yale did not defend. At the close of the testimony the counsel for the respective parties addressed the jury—the counsel for the defendants first in order, and then the counsel for the plaintiff. The jury found a verdict in favor of the plaintiff, for $800.75, for which sum, with costs, judgment was rendered, and the defendants appealed.

*G. H. Munger,* for the appellant.

*J. H. Martindale,* for the respondent.

*By the Court,* E. DARWIN SMITH, J.　The right to begin, and the right to reply, in trials at the circuit, is unquestionably of much practical consequence.　The privilege of making the opening statement of the case to the jury, and of making the closing argument, upon the evidence, is an advantage not unappreciated, or inconsiderately sought and claimed, by the counsel for litigating parties in courts of justice.　In many cases it is of the highest importance, and particularly so where the facts are complicated and there is contrariety in the evidence, or it is nicely balanced and slight circumstances are likely to turn the scale.　In cases where there is a great preponderance in the testimony on one side it may be quite immaterial, but there is obviously a *right rule* on the subject, that should be asserted and maintained.　Under our present system of pleading, these questions are much pressed upon the judges at the circuit, and I think no great uniformity of practice prevails.　Before the code, the question who was entitled to begin and reply did not often arise at the circuit. Most defenses could be given in evidence under the general issue, and if special pleas were interposed they were generally put in with the general issue, and in other cases the special defense was set up in the shape of a notice accompanying the general issue.　In such cases the plaintiff always had the affirmative of the issue upon the record, and was entitled to begin. ᐧ Now there is no general issue, and defendants are bound to set up their defenses specially ; and as the pleadings are required to be verified, it will rarely happen that a defendant can safely deny all the allegations of the complaint.　When, before the code, the defendant chose not to plead the general issue, but to admit upon the record the plaintiff's cause of action and seek to avoid it by some affirmative defense, the rule and the practice of the courts in England prevailed in this state, (2 *Dunlap Pr.* 637.　1 *Paine & Duer* 522.　*Grah. P.* 289,) and the English books of practice were in general use.　The general rule, in all such cases, as recognized in this state and still the law, is well stated in

*Bouvier's Inst.* p. 332, § 3043, as follows: "That the party who alleges the affirmative of any proposition or issue of fact should prove it, because a negative does not in general admit of the simple and direct proof of which the affirmative is capable, and therefore the party who has to maintain or prove the only affirmative, or all the affirmatives, must begin to give the evidence." It is an established rule that when the *onus probandi* or burden of proof is on the defendant, he is entitled to begin. (*Best's Right to begin*, 29, 53. *Best on Evidence*, 474.) But where there is an affirmative issue upon the plaintiff, or he has anything to prove, then he is entitled to begin. (*Jackson* v. *Haskell*, 2 *Starkie's N. P.* 521. *Collins* v. *Jones*, 1 *Mood. & Malk.* 6. *Carr. & Payne*, 64, 202. *Jackson* v. *Pittsford*, *H. Black.* 194 *Chesley* v. *Chesley*, 10 *New Hamp. Rep.* 32.) If the slightest proof is required of the plaintiff he must be allowed to begin. (10 *Ohio Rep.* 330. 5 *Adol. & Ellis*, 447.) In the English courts there are many reported cases at *nisi prius*, giving defendants the right to begin, and the judges seemed inclined to overdo the matter, in that direction, previous to 1833. When on the trial of an action for libel, in the case of *Carter* v. *Jones*, (6 *Carr. & Payne*, 64,) where no general issue was pleaded but several special pleas in justification, the counsel for the defendant claiming the right to begin, Tindal, C. J. said, "A resolution has recently been come to by all the judges that in cases of slander, libel and other actions where the plaintiff seeks to recover actual damages of an unascertained amount, he is entitled to begin, although the affirmative of the issue may, in point of form, be with the defendant." (*S. C.* 1 *Moody & Robinson*, 281.) The rule as thus explained or modified, has been since followed in England and in the courts of this country, so far as they have been called upon to pass upon the question. The court of appeals of Virginia affirm this rule, distinctly, in *Young* v. *Highland*, (9 *Grattan*, 16.) The question which party is entitled to begin, upon these rules, is to be determined by

the record and the whole record. Where, by the pleadings, it is apparent that no evidence is required from the plaintiff, the defendant ought to open. (*Best,* 29; 6 *Carr. & Pay.* 619, 666; 16 *Ohio Rep.* 330.) The proper test is, which party should have a verdict if no evidence be given, (*Amos* v. *Hughes,* 1 *M. & Rob.* 464. 2 *id.* 217. 8 *id.* 720. 14 *Mees. & W.* 95, 100. 7 *Eng. Com. Law Rep.* 578.)

In the application of the rule of these cases to the present case it is quite apparent that the circuit judge erred in giving the plaintiff the opening to the jury. The action is upon a promissory note, which is set out in the complaint. The answer admits the making of the note, and sets up the defense of usury. The plaintiff was entitled, on producing the note on the trial, to have a verdict for the amount of it, without giving any evidence. The jury could have cast the interest, or if no proof was given, it could have been computed under the direction of the court by the party or his counsel, and the jury directed to render a verdict for the amount. No proof was necessary, and it appears by the case that none was in fact given, of the amount due on the note, on the trial. The affirmative of the issue— the *onus probandi*—was clearly upon the defendant. He was bound to give proof to establish his defense, or the verdict was to pass against him of course, upon the face of the record. It was therefore the right of the defendant to *begin*—to open his defense to the jury, and to give his evidence. The proof of the plaintiff would be in answer to such evidence so first given by the defendant, and if he did not make out a prima facie defense, the plaintiff need give no evidence.

It being error, therefore, to disallow the defendant's claim to begin, and to allow the plaintiff to open and reply, the question remains whether this error is a proper ground for a new trial. Upon this question there is some conflict of decision. There are several English cases which hold that a new trial should not be granted, unless manifest injustice has been done. (*Bird* v. *Higginson,* 2 *Adol. & Ellis,* 160. *Hecker*

Huntington *v.* Conkey.

v. *June,* 3 *Mees. & Welsb.* 505, and *Leete* v. *Gresham, Life Ins. So.,* 7 *Eng. Law and Eq. R.* 578 ;) and there are also two cases in the 8th *Conn. R.* They are, *Comstock* v. *Hardlyn, p.* 254, and *Scott* v. *Hull, p.* 296. In the case of *Comstock* v. *Hardlyn,* the court held that there was no error at the circuit, but said that it was matter of practice, resting in the discretion of the judge, and not a ground for a new trial. The case of *Scott* v. *Hull* follows that case, holding that error " in permitting the wrong party to have the first and last word, implied no injustice in the verdict, and was no sufficient reason for granting a new trial." In 16 *Ohio Rep.* 330, and 8 *Leigh,* 544, the same view is taken incidentally of the question, without discussion. If the question be one of practice, as held by the court of Connecticut, then I think they came to the correct conclusion ; but it seems to me that it is a mistake to regard the question as purely one of practice. It is a question of *right* and of *law.* Wherever the rule is stated, in almost all the reported cases, it is stated as a matter of *right.* Judge Hosmer, in the case of *Scott* v. *Hull,* (*supra,*) where the action was covenant, and the defendant pleaded performance, says, "his was the *right* of opening and closing the argument." And in the case in *Leigh* it is spoken of as the " *right* of opening and concluding." In the case of *Mercer* v. *Whall,* (5 *Adol. & Ellis, N. S.* 447 ; 48 *Eng. Com. Law Rep.*) Lord Denman, delivering the opinion of the court, asserts that the question of the right to begin is one of *law* and not of practice. Speaking of the resolution of the fifteen judges in *Carter* v. *Jones,* (*supra,*) he says of it : " An ingenious argument was used at the bar that this resolution did not declare the law as the judges understood it, but merely enacted a new practice which they thought more convenient than the old, but I cannot think this explanation admissible. The judges have never assumed the right of sacrificing the law to their sense of convenience. Their duty was limited to a declaration of the rule which they would never have promulgated if they had not believed it to be the law."

In this case it was held that the ruling at *nisi prius*, on the question of the right to begin, was correct, and that there was therefore no ground for a new trial. The first case in the reports of this country, that I have found, aside from the two cases in Connecticut above referred to, is in *Davis* v. *Mason*, (4 *Pick.* 158.) In this case the court held that the defendant had the right to begin, and his claim at the circuit, to do so, having been overruled, a new trial was granted for that reason; Chief Justice Parker saying, "Considering this right of opening the cause, and replying to the arguments of the plaintiff, may be important, we feel ourselves obliged to grant a new trial, although from the view of the case which we have from the report, we think that the verdict was right." In *Brooks* v. *Barret*, (7 *Pick.* 98,) the same judge reasserts the rule that a mistake of the judges, of this nature, entitles the party, who is deprived of the privilege which the law or the usage of proceedings gives him, to a new trial. (*See also* 8 *Metc.* 64, *and* 7 *Cush.* 563.) In *Rohun* v. *Hanson*, (11 *Cush.* 44,) the supreme court of that state reversed a judgment and granted a new trial, because " the ruling of the court below in giving the opening and close to the defendant was erroneous." Since this decision, all special pleas being abolished by statute in that state, and the general issue required to be filed in all cases, by rule of court, the opening and close is given to the plaintiff, in all cases. (*See Paige* v. *Osgood*, 3 *Gray*.) In Virginia, in the case of *Young* v. *Highland*, (9 *Grat.* 18,) in the court of appeals of that state, decided in 1852, the English rule was asserted in regard to this question, and the cases of *Carter* v. *Jones*, and *Mercer* v. *Whall*, (*supra*,) approved, and the giving the wrong party the right to begin and reply, at the circuit, was held to be *error* and the judgment was reversed for that reason, with others, as *error in point of law*, and without any consideration as to the question whether the error was or was not prejudicial. In the court of appeals of Kentucky, in *Caskey* v. *Lewis*, (15 *Ken. Rep.*) a like decision was made,

Huntington v..Conkey.

and for the same reason.    In Indiana, in the case of *Harris* v. *Kent*, (11 *Ind. Rep.* 126,) an erroneous ruling on the question of the right to open and close, on the trial, was held to be *error*, and the judgment of the court below was reversed, and a new trial granted on that ground.    In the supreme court of California, in *Benham* v. *New*, (2 *Cal. Rep.* 408,) for error in the court below, in giving the opening and closing to the wrong party, with other errors, the judgment was reversed.    The question was treated as purely one of *law*. In Pennsylvania, in *Richards* v. *Nixon*, (20 *Penn. Rep.* (*Harris*) 23,) the question was raised, but the court held that the decision on the trial was correct; but Judge Black also said, "but if the decision had been wrong in this respect, we are not inclined to believe that any judgment ought to be reversed for such an error."    This is a mere *obiter*, not a decision on the question, for none was called for.

In South Carolina, in *Singleton* v. *Willet*, (1 *Nott & McCord*, 355,) the defendant claimed the right to open and reply at the circuit, and it was denied him.    The constitutional court held this to be *error*, and granted a new trial on this sole ground.    And in *Johnson* v. *Widener*, (*Dudley's Rep.* 325,) the court of appeals of that state reasserted the same rule, and granted a new trial, for the same error.    In this state I have been unable to find that this question has ever particularly received the consideration of this court. I find no reported case on the subject.    In the last edition of *Clinton's Digest*, at page 3216, note 17, vol. 3, I find a reference to two cases decided by the superior court of Buffalo, where it was held that "where the answer avoids without traversing the complaint, the better rule is to give the defendant the opening and close of the case, but refusing to do so is not error."    The cases referred to in this note are not reported, and we cannot see, therefore, how the question arose, or how fully it was examined.    I regret that those cases are not before the public, that we might have the aid of that highly respectable court in passing upon this ques-

tion, now, I think, for the first time presented for the decision of this court in bank. The later decisions of the English courts seem to me, in the main, to put the question upon satisfactory grounds. The queen's bench, common pleas and exchequer, all concur that the court in bank may review the decision of the judge at nisi prius, on the question of the right to begin. The case of *Mercer* v. *Whall* (48 *Eng. Com. Law Rep. supra*) was in the queen's bench. The case of *Doe ex dem. Bather* v. *Brayne*, (5 *Man. Gr. & Scott*, 655, 57 *Eng. Com. Law Rep.*) the common pleas granted a new trial for the error of the judge in permitting the defendant to begin at the trial. The judges give their opinions seriatim. *Coltman, J.* says, " The plaintiff was put in a *false position* by the course adopted at the trial." *Maule, J.* said, " There was enough in the case to show that the lessor of the plaintiff had sustained such a degree of *probable inconvenience* from the course adopted at the trial as to entitle him to have the rule made absolute." *Cresswell, J.* was of the same opinion. *Williams, J.* says; " I am clearly of opinion that the ruling at the trial was wrong, and that it may have worked serious injury to the plaintiff, who is therefore entitled to a new trial." In the exchequer there are two late cases, (*Geach* v. *Ingersol*, 14 *Mees. & Welsb.* 95, and *Ashley* v. *Bates*, 15 *id.* 589.) In *Geach* v. *Scott*, the case was tried before Lord Denman, at the circuit, who gave the opening and reply to the plaintiff, the defendant's counsel objecting and claiming the right to begin. A new trial was granted; the judges agreeing that it was clear that a wrong had been done by the ruling of the judge at nisi prius as to which party should begin; and the court in bank would interpose to correct the same. In *Ashley* v. *Bates*, it was ruled at nisi prius that the defendant had the right to begin. On a rule for a new trial the judges gave their opinions seriatim. *Pollock, C. B.* says, " It unhappily still remains of great importance to the administration of justice that the right to begin should be correctly adjudicated on. It ap-

pears to me that in this case the plaintiff was entitled to begin, but that by miscarriage at nisi prius they were deprived of that right, *and we think it possible that their case may have been injuriously or materially affected in consequence.*" *Addison, B.* concurred. *Rolf, B.* said there should be a new trial, for giving to the defendants the right to begin instead of the plaintiff, *may very probably have worked some injustice to them.*" And *Platt, B.* with whom I fully agree on this question, (the error at the circuit in this case having been committed by me,) says, " I agree that there should be a new trial. I am not averse to applications of this nature, for it is, I think, of the last importance that the discretion of a judge, as exercised at *nisi prius*, should be most extensively reviewed by the superior wisdom of the court from which the record emanates, and that any misdirection of his by which injustice is worked, whether by placing a party in an unfortunate position for having his case properly discussed before the jury, or in any other matter, should be equally subject to the jurisdiction of that court. Personally I feel great satisfaction in knowing that whatever I may do at *nisi prius* is open to review elsewhere." The weight of authority, I think, from all the cases, is decidedly in favor of the rule, and I think such should be the rule, that an erroneous ruling at the circuit on the question of the right to begin is *error*, for which a new trial will be granted, unless the court of review can clearly see that no injustice can possibly have resulted from such error. In all cases of doubt, I think a new trial should be granted when it does not manifestly appear that the error could not have affected the result. When the court can clearly see that no injustice can have been done, and the verdict would have been the same if the party complaining of the error had had his rights, then the objection should be disregarded. (2 *Graham & Waterman on New Trials*, 603.) If it is a clear and certain *right* of the party holding the affirmative of the issue to begin, as most of the cases hold, I cannot think the

court has, or should have, any discretion to deprive him of that right. But if no injury be done by an error of this kind, as in all cases of technical errors, the court of review is not bound, and ought not, to grant a new trial or reverse a judgment for such error. In this case the evidence was quite evenly balanced at the trial, and in such a case the right to the last address to the jury may have been highly important to the defendant. We cannot say that it was not, and therefore we think there should be a new trial. The principal conclusions to be deduced from the cases, I think, are as follows:

1st. The plaintiff in all cases where the damages are unliquidated, has the right to open the case to the jury and have the reply.

2d. Whenever the plaintiff has any thing to prove, on the question of damages, or otherwise, he has the right to begin.

3d. In other cases, where the damages are liquidated or depend upon mere calculation—as the casting of interest— the party holding the *affirmative* of the issue has the right to begin.

4th. The affirmative of the issue, in such cases, means the affirmative in *substance*, and not in form, and upon the whole record.

5th. That the denial of the right to begin, to the party entitled to it and claiming it at the proper time, is error for which a new trial will be granted; unless the court can see, clearly, that no injury or injustice resulted from the erroneous decision.

As a new trial must be granted, it is unnecessary to consider the other questions raised on the argument.

New trial granted.

[Monroe General Term, December 3, 1860. *Smith, Johnson* and *Knox,* Justices.]