## WINNISIMMET COMPANY *vs.* WILLIAM H. GRUEBY.

The St. of 1871, cc. 188, 345, provided that a ferry company might take certain land, and if the price could not be agreed upon, should pay the owner such damages as should be assessed by street commissioners; and that either party, if dissatisfied by the award of the commissioners, might have the damages assessed by a jury. The ferry company, being dissatisfied with the award of the commissioners, petitioned for a jury. *Held,* that at the hearing before the jury the landowner had the right to open and close.

In a proceeding to assess damages for the taking of land by a ferry company, the company cannot introduce evidence of the amount for which an owner of land in the neighborhood has offered to sell his land.

PETITION to the Superior Court by the Winnisimmet Company, alleging that by the St. of 1871, cc. 188, 345, the petitioners were authorized to widen their ferry slip in Boston, and, for that

purpose, to purchase or otherwise take the land of William H. Grueby; that in said statute it was provided that if the petition· ers could not obtain the land by agreement with the owner, they should pay therefor such damages as should be assessed by the board of street commissioners of the city of Boston; that either party, if dissatisfied with the award of the commissioners, might apply to the Superior Court for a jury; and that thereupon the same proceedings should be had as in the case of estimating and enforcing payment of damages for laying out highways in Boston.

The petition further alleged that the petitioners were unable to obtain the land by an agreement with the respondent; that they took it· under the provisions of the statute; that the respondent applied to the board of street commissioners to assess damages for the taking; that the board awarded $25,000 as damages; and that the petitioners were dissatisfied with this estimate. The prayer was for a jury in accordance with the provisions of the statute.

At the trial in the Superior Court, before *Lord,* J., the peti- tioners claimed the right to open and close, but the judge ruled that the respondent had that right.

Thomas S. Foster, a witness called by the petitioners, testified that he occupied the next wharf but one to the respondent's wharf, which was the lot of land in question, and that the wharf occupied by him had recently been offered to him for sale. He was then asked at what price it was offered to him. The defend- ant objected, and the judge, as it appeared that the witness did not buy the wharf, refused to allow him to answer .the question. Evidence of actual sales of wharf property in the neighborhood was admitted on both sides without exception.

The jury assessed damages in the sum of $20,533, and the pe- titioners alleged exceptions.

*G. W. Baldwin,* for the petitioners. 1. Under the former prac- tice of the court, the party claiming unliquidated damages had, it is true, the right to open and close; *Connecticut River Railroad Co.* v. *Clapp,* 1 Cush. 569; but the test applied was the burden of proof, and that test no longer exists in this Commonwealth. *Page* v. *Osgood,* 2 Gray, 260. *Spaulding* v. *Hood,* 8 Cush. 602.

The uniform rule is now to give the right to open and close to the plaintiff. Unless this rule is inflexible it is of little value.

2. The evidence of the price at which the neighboring wharf was offered to Foster was admissible. *Wyman* v. *Lexington & West Cambridge Railroad Co.* 13 Met. 316, 327. *Fennerstein's Champagne*, 3 Wall. 145. It is true that evidence that an offer had been made to buy land at a certain price was rejected in *Fowler* v. *County Commissioners*, 6 Allen, 92 ; but an unaccepted offer to sell, and an unaccepted offer to buy, stand upon very different footings. An owner who desires to sell land is not likely to demand less than its value. If such evidence were offered for the purpose of increasing the valuation of neighboring property, it might be inadmissible ; but for the purpose of diminishing that valuation, it is unobjectionable.

*G. W. Phillips*, for the respondent. 1. The right to open and close belonged to the respondent. *Connecticut River Railroad Co.* v. *Clapp*, 1 Cush. 559, 563, is exactly like the case at bar. The decision was not rested upon the then existing rules of the Court of Common Pleas commented on in *Robinson* v. *Hitchcock*, 8 Met 64, and *Spaulding* v. *Hood*, 8 Cush. 602, and is therefore not affected by the abrogation of those rules. *Page* v. *Osgood*, 2 Gray, 260. The respondent is the real plaintiff. The petition for a jury is in the nature of an appeal.

2. The question to the witness Foster as to the price at which the wharf was offered to him, was rightly ruled to be inadmissible. Such evidence has been repeatedly held incompetent. *Davis* v. *Charles River Branch Railroad Co.* 11 Cush. 506. *Wyman* v. *Lexington & West Cambridge Railroad Co.* 13 Met. 316, 326. *Shattuck* v. *Stoneham Branch Railroad Co.* 6 Allen, 115. *Fowler* v. *County Commissioners*, 6 Allen, 92, 96. *Tufts* v. *Charlestown*, 4 Gray, 537. *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Chapin* v. *Boston & Providence Railroad Co.* 6 Cush. 422. *White* v. *Fitchburg Railroad Co.* 4 Cush. 440.

BY THE COURT. 1. The petition in this case is in the nature of an appeal from the award of the board of street commissioners assessing damages in favor of the landowner, for his land taken by the petitioners. Grueby, the landowner, filed his application

to the street commissioners to assess his damages. He was the original actor or plaintiff, and had the right to open and close, both before the commissioners and at the trial before a jury in the Superior Court.

2. Evidence of an offer to sell land in the vicinity, not accepted, was inadmissible. *Exceptions overruled.*