## Case No. 7,257.

In re JELSH et al.

[9 N. B. R. 412.] [1]

District Court, E. D. Michigan. Jan., 1874.

[1] [Reprinted by permission.]

H. M. Duffield, for the motion.
A. Russell, opposed.

LONGYEAR, District Judge. The first ground of motion was, that the court erred in admitting the testimony of the witness. Don. M. Dickinson, as to the negotiations between the petitioning creditor and the respondents, preceding the consummation of a compromise claimed to have been made between them. On the objection being made to this testimony at the trial, the court ruled as follows: "The witness may state the entire negotiations which took place resulting in an arrangement, and the purpose for which it may be used will be decided in the charge to the jury." The court charged the jury that they could use this testimony only as it bore upon the fact as to whether an arrangement was made, and if so, what was its character, and for no other purpose whatever. For this purpose it was, no doubt, competent, and there was, therefore, no error in its admission.

The second ground of motion was, that the respondents were given the opening and closing to the jury. In the case of Stevenson v. Hamilton [Case No. 13,415], tried in the United States circuit court for this district, before myself. in the June term. 1872, this question was very fully examined, and the authorities, English and American, analyzed, and the following conclusions, among others, arrived at: The question as to which has the right to begin must be determined by the record. When by the pleadings the burden is upon the defendant, and the plaintiff need introduce no evidence to be entitled to a verdict, the defendant has the right to begin. Out of a large number of cases examined in the case of Stevenson v. Hamilton [supra], the following are cited as more directly in point here, viz.: Huntington v. Conkey, 33 Barb. 221, 222, and cases there cited; Elwell v. Chamberlin. 31 N. Y. 613; 1 Phil. Ev. 810, 812; 1 Greenl. Ev. § 74, note 3; Mercer v. Whall, 5 Adol. & E. [N. S.] 447, decided in 1844, and in which the rule was settled in England, as above stated. In Re Price [Case No. 11,-411] this court decided, that under the bankrupt act [of 1867 (14 Stat. 517)], where there was a simple denial. the burden was upon the respondent to disprove the allegations of the petition, and that, if no evidence were introduced in such case. the petitioning creditor would be entitled to an adjudication of bankruptcy. This brings the case clearly within the rule above stated, under which the defendant has the right to begin and close. There was therefore. no error in allowing the respondents the opening and closing to the jury.

The fourth and sixth grounds of motion relate to the partnership of the respondents. and will be considered together. It is contended that the conceded facts in the

case established a partnership as to the debt of the petitioning creditors, and that it was error for the court to submit the question to the jury instead of charging them, as matter of law, that such partnership existed; and that the jury having found adversely to the petitioning creditor, their verdict is a bar to his ever hereafter maintaining a suit against the respondents, as partners, for the recovery of his debt, in an action at law. While the court may, in a case where the facts are undisputed, take a question from the jury and dispose of it as matter of law, and will generally do so in a case entirely free from doubt, yet whether the court will do so or not, is in all cases a matter of discretion, and it is not error to send it to the jury, however clear the case may be. In this case, however, the court was of opinion that the question was a proper one to go to the jury, on account of one or two facts having a bearing upon it, as to which there was some question. And, I think, the learned counsel is equally in fault as to the effect of the verdict upon the question of partnership. The matter decided is as to the act or acts of bankruptcy alleged, and that is all the verdict determines, either by its terms or legal effect, and it could be pleaded in bar only to a new proceeding in bankruptcy for the same acts. The fact of partnership, while it was essential to the maintaining of a joint proceeding against the two, yet, like the fact of the petitioning creditor's debt, was really but incidental to the main issue. As well might it be said that the debt itself is barred by a verdict adverse to the petitioning creditor, on an issue of bankruptcy. Therefore, even if the court erred in submitting the question of partnership to the jury, and the verdict is against the evidence in this regard, (as to which, however, it cannot be determined from the record what their finding was) no harm has come to the petitioning creditor on account of it, and it therefore constitutes no ground for a new trial.

The remaining grounds of motion (3d and 5th) I have examined with some care, in connection with my minutes of the evidence upon the trial, and in the light of authorities cited; and while there might be some doubt as to the correctness of the rulings of the court in the instances specified, in a strictly technical sense, yet I do not think the doubt is of such a character, or the errors, if they be errors, are such as to authorize the court to grant a new trial and put the parties to the delay, vexation and expense of a protracted litigation. As these last two grounds of motion present no questions of general interest, I shall not protract this opinion by an analysis and discussion of them, and the above brief notice must suffice. It results that the motion for a new trial must be denied, with costs.