Day, Chief Judge.
In October, 1872, the city of Cincinnati filed its application in the Probate Court of Hamilton county, to appropriate certain lands of Narcissa W. Neff and others, the plaintiffs in error, for a street. From the judgment of the probate court, awarding damages, the plaintiffs in error appealed to the court of common pleas. At the January term, 1873, of that court, the cause was tried, and the jury rendered a verdict awarding damages. The court rendered judgment on the verdict. Thereupon the plaintiffs in error filed their petition for review, and the court made a report in the nature of a bill of exceptions, which, with the petition for review, was filed in the district court, in accoi’dance with section 529 of the municipal- code.
On the trial* the plaintiffs in error claimed the right to open and close the evidence and argument to the jury, which the court denied, and permitted the city to open and close the evidence and argument; to all which the plaintiffs in-error excepted, and now claim the ruling to be erroneous.
The proceeding was under the provisions of the municipal code, to appropriate land for public use. Under the constitution of the state, the owners of land so appropriated are entitled to compensation in money. To obtain the land the law requires an assessment of such compensation to be made by a jury. For this purpose the municipM corporation is required to notify the land-owners of its application ; and, upon proof of such notice, as required by law, the court must set a time “for the inquiry into and assessment of compensation,” by a jury to be impaneled for that purpose. No pleadings are filed by the parties, nor is an issue of fact in any form submitted to the jury. “The inquiry into and assessment of compensation” comprise all the duties of the jury. This was the character of the trial in which the question is made as to which party is entitled to begin.
The statute providing for the appropriation of land for the “ public works ” of the state, and for the assessment by a jury of the amount to be paid to the owners, declares *219 that “ the state shall be entitled to open, and close, in giving testimony, and in the argument. S. & C. 1255. On-the other hand, the statute in regard to appropriations by general corporations, secures to the land owner the rights, in argument to the jury, of a party holding the affirmative. 69 Ohio L. 95, § 23. But, in regard to appropriations under the municipal code, no provision is made on this subject. Such cases, then, not being controlled by any statutory provision, as to which of the parties must begin before the jury, must necessarily be governed by the rules of the common law, or in analogy to the corresponding provisions of the code of civil procedure.
In.either case, the result will be the same, for there is no substantial difference, in this respect, between the practice prescribed by the code, and that of the common law. The code provides that the party, who would be defeated, if no evidence were to be given on either side, must first produce his evidence; and that the party required first to produce his evidence, shall have the opening and closing argument. § 266. At the time the code of civil procedure was adopted, the rule, as recognized by the supreme court of this state, was, “ that the party having the affirmative of the issue, shall open and close ; ” and, in Lexington Ins. Co. v. Paver, 16 Ohio, 330, Hitchcock, J., in stating the rule upon this subject, says: “Where, by the pleadings, it is apparent that no evidence is required from the plaintiff', the defendant ought to open ; but if any, no matter how slight, proof is required of the.plaintiff, he must be allowed to go forward.” And the general rule of the English courts seems to be, that “ the party entitled to begin, is he who would have a verdict against him if no evidence were given on either side.” 1 Arch. Pr. 385; Geach v. Ingall, 14 M. & W. 95.
“ In considering, however, which party ought to begin” (it is said in 1 Arch. Pr. 385), “ it is not so much the form of the issue which is to be considered as the substance and effect of it; and the judge will consider what is the substantial fact tó be made out, and on whom it lies to make *220 it out.” Ashby v. Bates, 15 M. & W. 589. Accordingly, it seems to be settled that in “actions where the plaintiff' seeks to recover actual damages of an unascertained amount, he is entitled to begin, although the affirmative of the issue may, in point of form, be with the defendant;” for, although the plaintiff' might be entitled to nominal damages upon the pleadings, if no proof of his actual damage be given he would be substantially defeated. Carter v. Jones, 1 Moody & Robinson, 281; Mercer v. Whall, 5 A. & E. (48 Eng. Com. Law), 447. The rule as thus explained is followed in England and in the courts of this country. Huntington v. Conkey, 33 Barb. 218; Young v. Highland, 9 Grattan, 16. It follows, therefore, that, in determining which party ought to begin, regard must be had, not so much to the form as to the substance of the case; and in that view it must be considered what is the substantial fact to be made out, and on which party it lies to make it out.
In the case before us the substantial fact to be ascertained by the jury was the amount of compensation which the city must pay to the property owners, to enable it to acquire the land sought to be appropriated. The assessment was not to be made upon a claim of the property owners, but the city -was required to have it made before it could obtain the land. The city, therefore, was required to move affirmatively in the matter, and to secure an “ inquiry and assessment” of compensation by a jury, or fail in the appropriation. Notwithstanding the city is substantially the plaintiff in the matter, if it would be entitled to a verdict for a nominal amount if neither party gave any evidence, the land-owner would undoubtedly be entitled to begin. But it is clear that the appropriation must fail, unless an actual and not a nominal assessment is made. The constitution guai’antees to the owner of the property an actual compensation ; and the statute authorizing the appropriation and providing for the compensation is framed so as to secure an actual and not a nominal assessment. The statute not only requires the jury to make an assessment of *221 compensation, but it equally imposes upon them the duty of “ inquiry ” into the matter of compensation; for, in nearly every one of the numerous instances in which it speaks of the assessment, it speaks of “ the inquiry into and assessment of compensation,” as if no assessment was contemplated but such as should be the result of due inquiry by the jury. In view of the provisions of the constitution and of the statute, it is quite clear that the city could not appropriate the laud to the public use desired, without an assessment of compensation to the owners of the property, made upon due inquiry by the jury. In order, then, to secure a valid assessment, it was incumbent on the city to have the inquiry made upon proof as to the compensation to be assessed, otherwise the appropriation might fail for want of a valid assessment of compensation.
Since, then, the assessment of a substantial compensation was required, which might have failed without proof given to the jury, and as the appropriation could not be made without such assessment, the court might well be warranted in holding that the city ought to begin, for otherwise it might be defeated.
This view of the cáse renders it unnecessary to refer to cases in other states, in which it was held that the property owner was entitled to begin, for the case turns on provisions peculiar to our own constitutional and statutory law. It also becomes unnecessary to determine whether the question, as to which party must begin, is one within the discretionary power of the court, or is one of law, the decision of which may be reviewed on error. It is sufficient to say that, upon either view, no error intervened on this point in the present case.
Another error alleged is based on exceptions taken, on the part of the property owners, to the ruling of the court, on the trial to the jury, in sustaining objections of the city to questions propounded by them to a witness, in regard to the effect of the proposed grade of the street. But the record does not show what was expected to be proved by the witness. It does not, therefore, appear that the evidence *222 offered was something material, the rejection of which would be prejudicial to the party excepting. The record, therefore, fails to show any error on this point to the prejudice of the plaintiffs in error. Gondolfo v. The State, 11 Ohio St. 114; Holister v. Reznor, 9 Ohio St. 6; Bolen v. The State, 26 Ohio St. 371.
Again, it is claimed that the court erred in permitting a certain paper to be given to the jury. On the trial to the jury, the city called a witness, who testified that he was a civil engineer, and “ that from the plat and description set out in the petition he had computed the number of square feet in each one of the lots described, which numbers he gave, and had noted the same on a plat similar to that filed by the city; and thereupon he was examined and cross-examined, and enumerated the measurement of each lot in the plat set forth in the petition, and compared the same with each lot upon the plat produced by him, and made his calculations of the square' feet in each lot of the plat in the petition, and compared the result with the quantities respectively noted on the plat produced by him, and they agreed with each other. ■ Whereupon the counsel for the city offered in evidence the said plat with the figure on it, and asked that the same be allowed to go to the jury, and to be taken out with them when they retired; to which the defendants, by their counsel, objected; but the court overruled the objection, and allowed the plat with the figures on it to be offered in evidence to the jury, and taken with them on their retirement; to which ruling the defendants then and there, by their counsel, excepted.”
There was no objection to the testimony of the witness; on the contrary, it is conceded to be competent and admissible. The exception goes only to the ruling of the court ■in permitting the paper, which was a copy of the plat of lands in controversy containing figures showing the quantity of ground, which the witness had sworn was contained in each of the several lots, to be given to the jury. The paper was not suffered to go to the jury as an exhibit or plat of the ground. A plat was already properly in the *223 case. It was given to the jury, not as evidence in the case, but merely as a memorandum of the quantity contained in each of the several tracts, as sworn to by the witness. It was, therefore, a matter within the discretion of the court. In permitting the paper to be handed to the jury no injustice could be done to either party; nor could it prejudice the plaintiffs in error. It merely subserved the convenience of the jury in enabling them to accurately retain the testimony as to the several quantities of ground contained in the lots', which it would otherwise be difficult for them to remember. Tracy v. Card, 2 Ohio St. 431, 451. There was no error in this respect.

Judgment affirmed.