Wright, J.
The action below was brought by Henry Swindler upon a writing obligatory, by which defendant agreed to pay to plaintiff or bearer $1,000 in 7-30 bonds of the United States, in sixty days from date. The agreement, not having been complied with, plaintiff claims to recover $1,000, with interest at the rate of 7 3-10 per cent, inasmuch as the bonds themselves bore that rate.
The answer denies that plaintiff has the right to recover 7 3-10 per cent., and insists that he can claim but legal interest.
The answer also sets up a counterclaim for goods sold and delivered in the sum of $400.
The reply says nothing about the interest question, but denies the offset, and says that the items set up as offset were applied in payment of other debts owing by defendant to plaintiff.
Upon this state of the pleadings, the defendant claimed the right to open and close, both with evidence and argument, and when plaintiff was’offered as a witness on his-own behalf, and asked the question, “ what was the consideration of the promissory note sued on ? ” defendant objected. In support of his position, defendant claimed that the consideration of the note was set forth in the answer as being $1,000,money loaned; this was not denied in the reply, and, therefore, defendant insisted that no evidence could be given, the fact standing admitted. The objection was overruled and exception taken.
But it will be noticed that the plaintiff had filed a reply to defendant’s offset, claiming that the items of that offset, had been applied in payment of other debts between the- *226 parties, and therefore they could not be considered and allowed again. It was then proper for plaintiff to show that such application had, in point of fact, been made, and this would entitle him to begin. The court could not foresee whether he would offer evidence upon the precise point upon which he was entitled to the affirmative; but if an examination of the pleadings showed that right in him, the court was correct in its action. In a difficult, intricate state of pleading, the court must be allowed some degree of discretion.' In Lexington Ins. Co. v. Paver, 16 Ohio, 330, Hitchcock says the rule is, that the party having the affirmative of. the issue shall open and close, “ when, by the pleadings, it is apparent that no evidence is required from the plaintiff, the defendant ought to open; but, if any, no matter how slight, proof is required of the plaintiff, he must be allowed to go forward. In this case, however, there was not a single issue to be determined, but eleven separate and distinct issues, in some of which, at least, the plaintiff had the affirmative. Take, for instance, the tenth plea, which is that the boat was unseaworthy. This plea is traversed by the plaintiff below, by the affirmation that she was seaworthy. And the same is the fact in some of the other pleas. Looking at the whole ease, the court entertained the opinion that the plaintiff should open the case. We are not prepared to say there was anything wrong in this.” And also regard must be had to the substance rather than the form of the issue.
In determining a question of this kind, considerable latitude must be allowed to the court, and the remark of Mr. Nash, in his valuable work on pleading and practice, has weight, that the phrase of section 266 of the code, “ unless the eoui’t for.special reasons shall otherwise direct,” “ probably leaves the whole matter to the discretion of the judge at the trial.” 2 Nash Pl. & Pr. 972.
At least it is so far a matter of discretion, that it will require a plain and strong case to justify the interference of a court of error. The subject is discussed in the following authorities: 1 Arch. Pr. 385; Geach v. Ingall, 14 M. & W. *227 95; Ashby v. Bates, 15 M. & W. 589; Carter v. Jones, 1 Morchy & Rob. 281; Mercer v. Whall, 5 A. & G. 447; Huntington v. Conkey, 33 Barb. 218; Young v. Highland, 9 Gratt. 16; Hackmen v. Fernie, 3 M. & W. 505; Leet v. Ureshall Life Ins. Co., 7 E. L. & Eq. 578; Reichard v. Man. Life Ins. Co., 31 Mo. 518; Ilsley v. Wells, 7 Wis. 1; Fry v. Bennet, 28 N. Y. 324; Morris & Essex R. R. Co. v. Parker, 34 N. J. 479; Preston v. Walker, 26 Iowa, 205; Conn. River Co. v. Clapp, 1 Cush. 559; Marsh v. Pier, 4 Rawle, 273; Richards v. Nixon, 20 Penn. St. 19; The B. & O. R. R. Co. v. McWhinney, 36 Inch 436; Winnisimenet Co. v. Grueby, 111 Mass. 543; Minnesotta Valley R. R. Co. v. Doran, 17 Minn. 188; Chesley v. Chesley, 37 N. H. 229; Ayer v. Austin, 6 Pick. 225; Neff v. City of Cincinnati, 30 Ohio St. 215.
Defendant then offered evidence to prove his set-off, and that when the goods were obtained nothing was said between plaintiff' and himself as to the application of the value thereof to any particular claim, except in certain items, and that no application bf payments had been made with his consent, nor had there been any agreement to that effect. Upon the other hand, plaintiff offered to prove the averments of his replication, and the evidence, though objected to, was admitted.
There being testimony on both sides tending to prove the agreement as to the application of payments and the reverse, the court charged the jury that if they found such agreement existed, then the plaintiff had the right to make the application of payments as he did.
Defendant then asked the court to charge, if this application of payments was made without his consent, they must find for defendant, which was refused. And, upon request of defendant, the court charged the jury to find separately, whether or not there was an agreemént as to the application ; in response to which the jury found “ that there was an agreement or understanding between the parties that their running accounts should be applied one against the other.”
We think this finding shows that the defendant could *228 not have been prejudiced by the refusal of the court to-charge that the application could not be made without his consent. Nor do we see why running accounts may not be applied in payment, if the parties agree that it may be-done.
"The judgment of the district court affirming that of the-common pleas is affirmed.