MORRIS OPPER, Respondent, *against* EMIL CAILLON, Appellant.

(Decided December 1st, 1879.)

In an action on a promissory note, an answer, after denying all allegations in the complaint except as specifically admitted, alleged that the note in question was made and indorsed by the defendant without consideration and for the accommodation of a third party, of which facts the plaintiff was apprised at the time the note was taken by him; and set up, as an

affirmative defense, ownership of the note in certain persons named other than the plaintiff. *Held*, that the defendant was entitled to the affirmative of the issue; and to refuse him the right to open and close at the trial was error, for which a judgment for the plaintiff should be reversed.

Under the pleadings, it was competent for the defendant to show that the note was given by him for the accommodation of the payee and without consideration, and that the plaintiff took it with knowledge of that fact, and not for value, or in payment of or as security for an antecedent debt.

APPEAL from an order of the general term of the marine court of the city of New York affirming a judgment of that court entered upon a verdict directed by the court at the trial.

The action was brought upon a promissory note, alleged in the complaint to have been made by the defendant to his own order, and indorsed and delivered by him, and transferred before maturity to the plaintiff for valuable consideration. The answer, after denying all the allegations of the complaint not specifically admitted, alleged that the note was made and indorsed at the request and for the accommodation of a third party to whom it was delivered, without consideration, and that these facts were known to the plaintiff at the time he received the note; and alleged further, that certain other third parties were the legal owners and holders of the note, or had an interest therein. At the trial the court directed a verdict for the plaintiff, and judgment in favor of the plaintiff was entered on the verdict. From the judgment the defendant appealed to the general term of the marine court, which affirmed the judgment; and from the order of affirmance the defendant appealed to this court.

*Chauncey Shaffer*, for appellant.

*Richard S. Newcombe*, for respondent.

VAN HOESEN, J.—This judgment must be reversed. The defendant was entitled to the affirmative of the issue, and it was error sufficient to reverse the judgment for the court to

refuse him the opening and the close, at the trial (*Hunting-ton* v. *Conkey*, 33 Barb. 218; *Lindsley* v. *Petroleum Co.* 10 Abb. N. S. 107; *Millerd* v. *Thorn*, 56 N. Y. 402).

Moreover, it was error to reject the evidence offered by the defendant of the circumstances under which the note was made. Under the pleadings it was competent for him to show that the note was given by him for the accommodation of the payee, and without consideration. and that the plaintiff took it with knowledge of that fact, and not for value, or in payment of, or as security for, an antecedent debt. If such a state of facts had been shown, the defense would have been complete (68 N. Y. 503).

As the defendant was prevented from showing that the note was accommodation paper, it would have been of no avail for him to offer proof that the plaintiff had not taken it either for value, or as security for, or in payment of, an antecedent debt.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

J. F. Daly, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.