PEOPLES SAVINGS BANK *vs.* BOARD OF ASSESSORS OF CHICOPEE. November 3, 1981. The taxpayer appeals from a decision of the Appellate Tax Board (board) upholding the refusal of the board of assessors of Chicopee to grant real estate tax abatements for the years 1977 and 1978. The taxpayer seasonably applied for abatements which were denied, and timely appeals were made to the board. The taxpayer presented one expert witness before the board who used the "market data approach" to establish fair market value. For data, the expert used two branch banks which were being *offered* for sale and which he testified were "comparable." The expert "assumed" a selling price of 10% less than the asking price and then adjusted for the differences in square footage to arrive at his opinion.

After considering the expert's approach to value, the board ruled that it would not give the evidence any weight on the basis that "[e]vidence of an offer to sell land in the vicinity, not accepted, [is] inadmissible." *Winnisimmet Co.* v. *Grueby*, 111 Mass. 543, 546 (1873). There is no error.

"[U]naccepted offers . . . [are] based upon so many contingencies as to be meaningless on the issue of fair market value." *Brush Hill Dev., Inc.* v. *Commonwealth*, 338 Mass. 359, 365 (1959). See *Epstein* v. *Boston Hous. Auth.*, 317 Mass. 297, 299 (1944); *Peirson* v. *Boston Elevated Ry.*, 191 Mass. 223, 232-233 (1906); Tuoni & McDonough, Recovering Land Damages in Eminent Domain Cases in Massachusetts — A Summary, 63 Mass. L. Rev. 119, 121 (1978). "A mere offer to buy or sell property is not a measure of the market value of a similar property. It is incompetent to prove the market value of property because the asking price is only the opinion of one who is not bound by his statement, and is too unreliable to be accepted as a correct test of value." *State* v. *Lincoln Memory Gardens, Inc.*, 242 Ind. 206, 213 (1961), cited in 5 Nichols, Eminent Domain § 21.4[3] (rev. 3d ed. 1980).

The taxpayer contends that the board excluded the expert testimony as a matter of law. We assume, without deciding, that the taxpayer is correct in its reading of the board's decision. The taxpayer claims that since the expert's opinion was based on more than a mere offer, the board

should have considered the testimony.[1]  We disagree.  In this case the expert's opinion was based on speculation as to the circumstances surrounding the hypothetical sale as well as what a willing seller would accept and what a willing buyer would offer.  Such evidence is "too unreliable to be accepted as a correct test of value."  *State v. Lincoln Memory Gardens, Inc., supra.*

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

*John J. Driscoll (C. Barry Waite* with him) for the plaintiff.
*Richard S. Lak,* Associate City Solicitor, for the defendant.

---

[1] The taxpayer concedes that the board is not required to accept either party's evidence.  *Schlaiker v. Assessors of Great Barrington,* 365 Mass. 243, 246 (1974). *Assessors of Lynnfield v. New England Oyster House, Inc.,* 362 Mass. 696, 700, 702 (1972).  *Assessors of Quincy v. Boston Consol. Gas. Co.,* 309 Mass. 60, 72 (1941).

