JOHNSON *against* JOHNSON.

Where the defendant, who kept house, in consideration of a deed of settlement from his father, covenanted to support the plaintiff, his mother, during the remainder of her natural life, after the death of his father; and from the execution of such covenant, both the parents of the defendant lived in his family, until his father's death ; after which the plaintiff continued to live with, and receive support from, the defendant, for about three months ; it was held, that the defendant, by such covenant, assumed a personal trust, and that he was not bound to furnish the stipulated support at any other place than his own dwelling-house.

This was an action on the following writing, under the hand and seal of the defendant : " *Plainfield*, 11th *March*, 1812. Whereas I have, this day, received of my honoured father a valuable consideration, I do, by these presents, bind myself, my heirs, executors and administrators, to truly and faithfully support my mother, *Abigail Johnson*, during her natural life. It is understood, that this promise is to take effect after the death of my father. Hereunto I have set my hand and seal.
*Ebenezer M. Johnson.*" [L. S.]

On the trial, on the general issue, it appeared, that on the 11th of *March*, 1812, *Jacob Johnson*, the father of the defendant, possessed a large estate, real and personal, of which, for the purpose of making a family settlement, he executed deeds to his children, and in the deed to the defendant, included an amount of property more than in the other deeds, sufficient for the honourable support of the plaintiff, his mother, during her natural life ; whereupon the defendant executed and delivered the covenant in question ; which was the only provision made for the plaintiff. From that time, the parents of the defendant lived in his house and family, until the 9th of *August*, 1819, when his father died. The plaintiff still continued to live in the family of the defendant until the 10th of *November*, 1819, when she left his house, and went to the

*Windham,
July,
1822.*

*Johnson
v.
Johnson.*

house of *Waldo Johnson*, another son. The judge instructed the jury, that if the defendant had neglected to make suitable provision for the support of the plaintiff, *at his own house ;* or had driven her away, by unkind treatment ; or had consented to her going away ; the plaintiff was entitled to recover ; otherwise, their verdict must be for the defendant. The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial, on the ground of a misdirection.

The case was argued, a year ago, by *Goddard* and *Cleaveland*, in support of the motion ; and by *Judson* and *Frost*, contra ; and was continued to this term *to advise*.

HOSMER, Ch. J. This case I consider as settled, by the determination of the court in *Brown* v. *Brown*, in the county of *Fairfield*, ante, 269. I did not assent to that decision ; and, on deliberate reflection, I am the more confirmed in the opinion I then expressed. But, bound by the judgment rendered in that case, which is entirely analogous to this, I would not grant a new trial.

The other Judges concurred in the same result.

New trial not to be granted.