1829.

In the Matter of Arnhout.

---

### IN THE MATTER OF ARNHOUT.

On the execution of a commission in the nature of a writ *de lunatico inquirendo*, it is improper for the sheriff who summoned the jury to be in the room, or to converse on the subject with the jury while they are deliberating on their verdict.

When the sheriff had improperly interfered with the deliberations of the jury, their inquisition was set aside and a new commission was issued directed to the coroners.

Duty of commissioners on executing commission of lunacy, and instructions to be given to the jury.

*Where the relatives of a habitual drunkard prosecute a commission against him in good faith, they will not be charged with costs; although the prosecution should be unsuccessful.

[*498]

UPON the application of some of the relatives of Jacob Arnhout, a commission in the nature of a writ *de lunatico*

July 8th.

*inquirendo* was issued, to inquire whether he was, by reason of habitual drunkenness, incapable of managing his own affairs. The jury summoned in the first instance could not agree in finding an inquisition in favor of such allegation, and after remaining together some time were discharged. A new commission was thereupon issued, upon which an inquisition was found against Arnhout. He now applied to set aside this inquisition for irregularity and for alleged partiality on the part of the officer who summoned the jury.

*J. V. N. Yates* for Arnhout.

*J. Lansing* for the petitioner.

THE CHANCELLOR:—Without going into a detail of the several affidavits read on both sides in this case ; and without expressing any opinion on the question whether the officer summoning the jury has acted partially, or has only mistaken his duty, I am satisfied there has been such irregularities in this case that the cause of public justice and the protection of the rights of the party against whom these proceedings have been had, require that this inquisition should be set aside. It was improper for the officer to be in the room with the jury, or to converse with them at all in relation to the matter which they had under consideration. The extent of his duty was, if directed so to do by the commissioners, to guard the passage to the room where the jury were deliberating, and prevent them from being intruded upon by others. He was not the officer to take the inquisition, but was merely to obey the directions of the commissioners in summoning the jury.

It was improper after what had transpired as to the manner of proceeding on the first commission, and after the intimation given by the commissioners, for him to go into the room or listen to the deliberations of the jury. The inquisition in this *case, and the commission must be set

aside, and a new commission issued. And to relieve the sheriff from all further censure, and remove all ground of complaint hereafter, it must direct that the warrant of the commissioners to summon a jury be directed to the coroners.

To prevent any misapprehension of the duties of any one on the execution of this commission, it is proper to state that after the testimony is closed the commissioners should submit the question to the jury in the form of a charge, stating the law applicable to the case, and recapitulating the facts if necessary, but without arguments of counsel on either side. And the jury are to be instructed if twelve or more of them find that the party is not incompetent, they are to deliver their verdict accordingly; or if the same number decide against his competency, that they then find and determine the other facts directed to be inquired of; and that if twelve of them cannot agree either way, they report the fact to the commissioners, that their return may be made accordingly. And in relation to every legal question arising in the execution of the commission, a majority of the commissioners must decide.

New commission issued.

On the new commission the jury found that Arnhout October 6th. was not incapable of managing his affairs by reason of habitual drunkenness; and his counsel thereupon applied for an order that his sons in law who had prosecuted the commission pay the costs incurred by Arnhout.

*J. V. N. Yates*, for Arnhout, contended that according to the decisions in Chancery Arnhout was entitled to his costs. A trustee was liable to pay costs in all cases of gross negligence, or where there has been any irregularity in his proceedings. (*Tireland* v. *Wilson*, 6 John. Ch. R. 411.) Standing by and seeing a deed executed without objection, and afterwards asserting a claim under a prior conveyance in opposition to such deed, would subject a party to costs.

1829.          (*Livingston* v. *Byrne*, 11 John. 555.) Misrepresentation

In the Matter was also a ground for imposing costs. (1 Marshall, 192.)

of Arnhout. Wherever a petition for a commission of lunacy is irregular,

[*500]      *it will be denied with costs. (High Lunacy, 22, 77; *In the Matter of Hogan*, 3 Atk. R. 813; 2 Atk. 52; Barnadiston's R. 356.) So where an application has proceeded from bad motives and not from a sense of duty, it will be refused with costs. (*Moses and others* v. *Murgatroyd*, 1 John. Ch. R. 473.) Pertinaciously pressing this prosecution to a third trial subjects the prosecutors to costs. Fraud and bad motives on their part may be inferred from the circumstances of the case, which always are punished with costs. (*Denton* v. *McKenzie*, 1 Dessau. R. 289, 300; 6 Har. & John. R. 435.) Arnhout's estate cannot be charged with costs, the inquisition having been found in his favor. (*Ex parte Glover*, 1 Merriv. 269; *Sherwood* v. *Sanderson*, Coop. R. 108.) The jury were correct in finding that Arnhout was not incapable of managing his affairs by reason of habitual drunkenness. If the finding had been confined to habitual drunkenness, it would have been defective; because drunkenness is not *per se* incapacity, as is the case with lunacy. A return is strictly correct when it negatives the words of the commission. (*Ex parte Cranmer*, 12 Ves. 445; *Ridgeway* v. *Darwin*, 8 Ves. 65; *Ex parte Barnsley*, 3 Atk. 168.)

*J. Lansing*, contra:—The inquisition is irregular. It should have found that Arnhout was not now incapable, &c., and had not been for a certain time previous; for if incapable when the petition was presented, the prosecutors are clearly not liable to costs. The inquisition should also have found that Arnhout was not an habitual drunkard. It is void for this omission. (*Ex Parte Barnsley*, 3 Atk. 168; *Sherwood* v. *Sanderson*, 19 Ves. 286; *Ex Parte Cranmer*, 12 Ves. 445.) Where the finding is only for part of the issue, the whole is void. (*Patterson* v. *United States*, 2 Wheat. 225.) So a verdict is bad if it varies from

the issue. (*People* v. *Olcott*, 2 John. Cas. 301.) Also if it be uncertain. (Co. Litt. 227 n.; *King* v. *Dean of St. Asaph*, 3 T. R. 428.) The only issue in every case under the statute is as to habitual drunkenness. Capacity forms no part of the issue. The statute is remedial and must be construed liberally. Reasonable and fair applications under the statute ought not to be discouraged. They have in view the preservation of the happiness of families, and the *protection of property. If every unsuccessful application is mulcted with costs, persons will be deterred from presenting many cases to the Chancellor which require his interposition. The present application was made from honest motives and upon reasonable grounds. The difficulties the jury encountered in agreeing upon an inquisition, show there was probable cause for the prosecution. This alone is sufficient to protect the prosecutors from costs.

THE CHANCELLOR:—After one jury had heard the testimony in this case, and had not been able to agree, the prosecutors applied and obtained a second commission, upon which it was found that Arnhout was incapable of managing his affairs in consequence of habitual drunkenness. The inquisition in that case was not set aside because the court supposed the jury had made an erroneous decision, but because there had been improper conduct on the part of the officer who summoned and had charge of the jury. Although upon the third commission it has been found that Arnhout is not a habitual drunkard, it does not, therefore, follow that the original petitioners are to be charged with the costs of Arnhout's defence. In applications of this kind the prosecutors are not chargeable with costs unless they have proceeded in bad faith, and without probable cause. (1 Collinson, 461.) There is nothing in this case to induce me to believe they did not think their father in law was in fact incapable of conducting his own affairs in consequence of habitual drunkenness. The verdict of the last jury is conclusive so far as it

*1829.*

*In the Matter of Arnhout.*

[*501]

respects the appointment of a committee; but in determining the question of probable cause I must examine the evidence, and take into consideration the want of unanimity in the last jury, and the opinions of other jurors previously impanelled. For the determination of this question, it is sufficient for me to say I should not have been dissatisfied with the last verdict if it had been the other way. Malicious or improper prosecutions of this kind should never be countenanced; but it frequently is the duty of the friends of a man who gives himself up to the beastly vice of intemperance to apply and save his property. In such a case I shall never charge the prosecutors *with the costs of the defence, whatever may be the result of their application. No provision is made for the payment of their own expenses unless they succeed, however meritorious their proceedings may have been. (*Ex parte Ferne*, 5 Ves. 832.) But when an unsuccessful application is made, to charge them with the expenses of the party against whom those proceedings were had, they are entitled to their costs of opposing it.

The petition must be dismissed with costs.