### SCOTT *against* HULL.

In an action on a covenant, alleging a breach, to which the defendant pleads performance, and issue is joined on such plea, the defendant assumes the burden of proof, and is, therefore, entitled to go forward in the proof, and to open and close the argument.

But as the right of a party to go forward on the trial, is subject to the discretion of the court, and an error in the exercise of such discretion does not affect the justice of the verdict, such error is not ground for a new trial.

Where the defendant covenanted with the plaintiff, for a valuable consideration, to provide for, maintain and support the plaintiff and his wife with every thing necessary and comfortable, both in sickness and in health, during their natural lives; and the same instrument contained several subordinate stipulations relative to the rights, privileges and duties of the plaintiff and his wife in the defendant's *family;* and immediately after the execution of the covenant, the plaintiff and his wife became inmates of the plaintiff's family, and there received their support, for nearly four years; when the plaintiff was arrested,

by virtue of a tax warrant, and committed to gaol in another town, where he was confined, several weeks, by a severe and dangerous sickness; it was held, 1. that the support stipulated, by such covenant, was to be furnished at the defendant's dwelling-house; 2. that the defendant was liable for medical aid and attendance furnished to the plaintiff, during his sickness in gaol; 3. that he was not bound to supply the plaintiff and his wife with a conveyance to and from public worship, there being no stipulation on that subject.

It being stipulated in such covenant, that the defendant should keep the plaintiff and his wife in as good clothing as they then had; it was held, that the amount of consideration received by the defendant, could not be enquired into, in estimating the quality of the clothing to be furnished.

THIS was an action on a covenant in the following terms: "This agreement made by and between *Joseph Scott* and *Hazard Hull*, both of *Willington*, in *Tolland* county, witnesses, That whereas I, the said *Hazard Hull*, have and do, by these presents, agree and bind myself, my heirs, executors and administrators, to provide for, and maintain and support the said *Joseph Scott* and *Lucy Scott*, his wife, with every thing necessary and comfortable, both in sickness and in health, during the natural life of the said *Joseph Scott* and *Lucy*, his wife; in consideration of which, I, the said *Joseph Scott*, do hereby agree to give and deliver to the said *Hazard Hull* the following articles and property, *viz.* my provisions and sauce of every kind and sort; all my hay, flax, stock, sheep and swine; my cart, ploughs, chains, ox-yokes, hoes, scythes, pitchforks, and rakes; and my cider barrels, dry casks, meat barrels, beetle rings and wedges; and all the farming tools I now own, if any, that are not above mentioned; and also the three cranes and hooks in the chimney in my house, together with my old half-hogsheads, casks and tubs; the articles and stock above mentioned, estimated to be worth 217 dollars, 16 cents. And it is further agreed, and the said *Hazard Hull* doth agree, to keep the wearing clothes of the said *Joseph Scott* and *Lucy*, his wife, as good as they now are, until the time of their decease. And I hereby reserve my wearing apparel, and the wearing apparel of my wife *Lucy*, for her own use and disposal; and I reserve all my household furniture and carpenter tools not above named; and I, the said *Joseph Scott*, further agree to find one bed and bedding for myself and wife, during our natural lives. And it is further agreed and to be understood, that I, the said *Joseph Scott*, am not in anywise bound or obliged to do any la-

*Tolland,*
*August, 1830.*

Scott
*v.*
Hull.

bour, of any sort or kind ; but if I should see fit and be able to perform any labour, the avails of the labour I perform, if any, are to come into and be for the use of the family.   And likewise, my wife *Lucy* is not bound to perform any work or labour of any kind, except to make her own bed, and do her own mending, when able ; but if she does do any other work, the avails or profits of her work she is to have and dispose of, as she pleases ; but it is understood, that the said *Hazard Hull* is in no way obliged to employ her to labour for him, nor is he, in any case, bound to pay her for any labour she does for his use or profit, nor for the benefit of the family.   In witness whereof, we have hereunto set our hands and seals, at *Willington*, this 26th day of *November*, 1825.

*Joseph Scott.* [L. S.]
*Hazard Hull.* [L. S.]

After setting forth the covenant in the declaration, the plaintiff assigned the following breaches : " That the defendant has wholly neglected and refused to provide for, and maintain and support the plaintiff and his said wife from the said 26th of *November*, 1825, until the date of this writ ; and has wholly neglected and refused to do and perform any of the stipulations, duties and covenants, which he was bound to do and perform, by the terms and tenor of said indenture ; and the defendant, during said term, wholly neglected and refused to provide for and maintain the plaintiff, or to furnish him with any means of support whatever ; and during said term, the plaintiff had a severe fit of sickness, and during said sickness, the defendant neglected and refused to supply him with any medical aid, medicine, nurses, or any other assistance whatever, and refused to permit his wife to nurse and take care of him ; and during the whole of said term, from the 26th of *November* 1825 to the date of the writ, the defendant has neglected and refused to furnish the plaintiff and his wife with any means of conveyance to and from public worship, on the *Sabbath*, when the defendant well knew, that the place of worship where they had attended, was too far distant from their place of residence for them to walk, being about two miles, and the plaintiff and his wife have been wholly deprived of the privilege of attending public worship, and his wife of meeting with the church to which she belonged."

The defendant pleaded, that he had fully kept and performed the covenants contained in said deed ; on which issue was joined.

The cause was tried, on this issue, at *Tolland, April* term, 1830, before *Bissell*, J.

On the trial, the defendant claimed the right of going forward in the proof, and to open and close the argument. The plaintiff opposed this claim, insisting that the right belonged to him. The judge decided this point in the plaintiff's favour.

The plaintiff having claimed, and offered evidence to prove, that the defendant had neglected to provide the plaintiff's wife with necessary and comfortable clothing, and also that the articles of food furnished to the plaintiff and his wife, were of an inferior quality, the defendant claimed, that in the construction of the covenant, and in ascertaining the style and manner in which the plaintiff and his wife were to be supported, some regard was to be paid to the amount of the consideration, which it appeared from the agreement the defendant had received from the plaintiff.

The plaintiff having claimed and offered evidence to prove, that the place of public worship, at which the plaintiff attended, before and after the making of the agreement, was two miles distant from the defendant's dwelling-house; and that the defendant had neglected and refused to furnish them with the means of being conveyed to public worship, when unable to walk thither; the defendant insisted, that he ought not, on that account, to be subjected, as he was not bound by the agreement to furnish such conveyance.

The defendant claimed and offered evidence to prove, that from the date of the agreement until the 24th of *August,* 1829, the plaintiff and his wife had resided in, and had been members of, the defendant's family, at his dwelling-house in *Willington,* and that he had there furnished them with a comfortable support, in all respects, pursuant to the agreement, and that he was ready and offered there to continue to provide such support. The plaintiff claimed and offered evidence to prove, that on the 24th of *August* 1829, he, the plaintiff, was arrested, by virtue of a warrant for the collection of a tax against him, and committed to the keeper of the gaol in *Tolland,* and that he remained within the prison liberties until the 11th of *November* following; that during this period, he was confined, a number of weeks, by a severe and dangerous sickness; and that upon application to the defendant for the purpose, he refused to convey the plaintiff's wife to him, and she procured another conveyance, and remained with and took care of him, during his sickness. There was no evidence that the plaintiff was unable to pay the tax, when so committed to gaol; or that the

defendant was requested to pay it.   The defendant thereupon prayed the court to instruct the jury, that though they should find the facts claimed by the plaintiff, in relation to this point, to be true ; yet if they should also find the facts claimed by the defendant to be true, he was not liable on his covenant.

The court charged the jury, that in ascertaining what was a maintenance and support, within the meaning of the agreement, the entire agreement ought to be taken into consideration ; and that it was for the jury to say, whether the defendant, within the meaning of the parties, as expressed in their agreement, had furnished such maintenance and support.   The court further charged the jury, that if they should find, that the defendant had made suitable provision, at his dwelling-house, for the plaintiff and his wife, and had not, by unkind treatment, compelled them to leave his dwelling-house, and had not consented that they should be supported elsewhere at his expense, he was not liable for such support ; but if they should find, that the plaintiff, while absent from the defendant's dwelling-house, was taken sick, and was so confined, by such sickness, as to be unable to return, and required medical aid, nursing and attendance, the defendant was bound, by the agreement, to supply them ; and not having done so, he was liable to the extent of such breach of his covenant.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial for a misdirection.

*Stearns* and *Strong*, in support of the motion, contended, 1. That the defendant ought to have been permitted to go forward in the proof, and to open and close the argument, on the trial. He admitted the execution of the covenant, and then *affirmatively averred performance.*   This was precisely like a plea of payment to an action of debt or *assumpsit.*   The matter averred in the plea, is the only matter in issue ; and this the defendant must prove ; and if he fails, the plaintiff will, of course, recover.

2. That the defendant was not bound to furnish the plaintiff and his wife with a conveyance to and from public worship. The agreement on which the action is founded, contains no such stipulation ; nor is it *implied* by the terms of the agreement.

3. That the defendant was not bound to support the plaintiff, either in sickness or in health, except at his, the defendant's dwelling-house.   In the first place, this is the construction,

which the plaintiff himself adopted as the true one, by coming immediately to reside in the defendant's family and continuing there to receive his support. *Brown* v. *Brown*, 4 *Conn. Rep.* 275.

Secondly, the same construction is required, by the *terms* of the agreement. The defendant is " to provide for, maintain and support" the plaintiff and his wife " with every thing necessary and comfortable," &c. In connexion with this, the plaintiff is " to find one bed and bedding for himself and his wife." It is an express and distinct stipulation, that the plaintiff shall not be " bound or obliged to do any labour ;" but if he should perform any labour, the avails are to go "*for the use of the family.*" The agreement also provides, that the plaintiff's wife shall not be obliged to work, " except to make her own bed and do her own mending ; and that the defendant shall not be " bound to pay her for any labour she may do for his use, nor for the benefit of *the family.*" These stipulations are perfectly consonant to the idea that the plaintiff and his wife were to reside in the defendant's *family,* and that the support should *there* be furnished, and utterly incompatible with the idea that the defendant was to support them *abroad.*

Thirdly, this construction is settled, by decisions in cases analogous, in every respect, except that this is a stronger case. *Brown* v. *Brown,* 4 *Conn. Rep.* 270. *Johnson* v. *Johnson,* 4 *Conn. Rep.* 407.

Fourthly, there is nothing *peculiar* in this case, to vary the construction of the agreement. The only circumstances relied upon for this purpose, are, that the plaintiff was committed to gaol, for the non-payment of a tax ; and that while he was there, he was sick. In respect of the commitment, the defendant was clearly in no default : it was not his duty to pay the tax. As to the sickness of the plaintiff ; this imposed on the defendant no additional obligation of support. In cases within the agreement, the defendant was equally bound to support the plaintiff and his wife " both in sickness and in health." But if he was not bound to support them *abroad,* when in health, neither was he bound to support them *abroad,* when sick. The plaintiff had placed himself where the defendant was not bound to support him *at all.* Suppose the plaintiff had gone to *New-York,* and had there fallen sick ; could the defendant, by virtue of this agreement, be subjected to the expenses of his sickness there ? Did the defendant assume such a liability ?

*Tolland,*    *Goddard* and *Fitch*, contra, insisted, 1. That it properly be-
August,1830. longed to the plaintiff to go forward.   He had charged the de-

Scott     fendant with a violation of his covenant, averring *affirmatively*,
*v.*      that he *had broken the same*.   The defendant's plea was, in
Hull.     substance, that he *had not broken it*.   The breach alleged by
the plaintiff, was the only matter in issue.

But if this were otherwise, it would still be no ground for a
new trial ; it being a mere matter of orderly proceeding, with-
in the discretion of the court, and not affecting the substantial
justice of the cause.

2. That the defendant had no ground of complaint.

3. That the amount of the consideration was not a proper
subject of enquiry to ascertain the kind of support, to which the
plaintiff was entitled.   Whether great or small, it cannot vary
the covenents, which the defendant has entered into.   It is suf-
ficient that it was a valuable and lawful consideration.   The
court gave the jury the only proper rule, *viz.* the entire contract.

4. That the defendant has no reason to complain of the
charge relative to his obligation to convey the plaintiff and his
wife to church ; for it was in the defendant's favour.

5. That the charge was correct in relation to the principal
point in the case, *viz.* the extent of the defendant's obligation
in case of the plaintiff's sickness.   It is unquestionable, that the
defendant covenanted to support the plaintiff, in sickness, as
well as in health, during his natural life.   This covenant is to
have a reasonable construction with respect to both parties.
If the plaintiff, without any just cause, and against the mind
and will of the defendant, had left the defendant's house, and
refused to live there, the defendant would not be bound to
furnish a support elsewhere ; as was decided in *Brown* v. *Brown*,
4 *Conn. Rep.* 269. and *Johnson* v. *Johnson*, 4 *Conn. Rep.* 407.
But suppose, that in the case last cited, Mrs. *Johnson* had gone
two or three miles on a visit to her son, and had there been
taken sick ; or had gone to church, and on the way had broken
a limb, so that she could not be removed,—would not the de-
fendant have been held liable for necessaries furnished to her
in that situation ? The plaintiff is entitled, under this agreement,
to be treated as a *social being*, and not merely as an animal to
be fed and sheltered.   The circumstances in which he was
placed, as well as the *object* of the contracting parties, are to
be considered.   It is not to be presumed, that he either went
to gaol, or became sick there, *voluntarily.*   In *Brown* v. *Brown,*

and *Johnson* v. *Johnson*, there was a voluntary departure, under a claim by the party, that he was entitled to support wherever he chose to go. Here, the party is dragged to gaol; and, by the visitation of God, becomes sick there.

HOSMER, Ch. J. The plaintiff's action is covenant on an indenture, stipulating to support him and his wife, during their natural lives; and the parties joined issue on the defendant's plea of performance. The plaintiff was permitted to go forward in the proof and argument; and to this an objection is made.

In covenant, there is no general issue; and the defendant, by his plea of performance, assumed the burden of proof, and equally as on a plea of full payment, his was the right of opening and closing the argument. 1 *Chitt. Plead.* 482. 2 *Chitt. Plead.* 481. 627.

But the error of the court is no ground for a new trial. The permitting the wrong party to have the first and last word implies no injustice in the verdict of the jury; and to grant a new trial for a reason so insufficient, would be the exercise of a very unsound discretion. See *Comstock* v. *Hadlyme Ecclesiastical Society*, ante 254.

The construction of the covenant that the defendant was alone obliged to support the plaintiff and wife at his dwelling-house, was, undoubtedly, correct, and in conformity with the determination of this Court, in *Brown* v. *Brown*, 4 *Conn. Rep.* 269. and *Johnson* v. *Johnson*, 4 *Conn. Rep.* 407. Indeed, the various stipulations of the covenant indicate this intention; and the meaning of the parties is more obvious and unquestionable, than it was in either of the preceding cases.

There exists no objection against the charge, by reason of the omission to instruct the jury, that in estimating the quality of the clothing to be furnished, regard was to be had to the amount of the consideration received. The covenant, for its construction, depends on the express agreement of the parties, and not on the consideration of the contract; and an explicit rule was given on the subject. The defendant was to keep the plaintiff and wife in as good clothing as they had at the execution of the covenant.

That the defendant obliged himself, if the plaintiff, when absent from the defendant's dwelling-house, should be taken sick and be incapable of returning, to supply him with medical aid

*Tolland,*
August, 1830.

Scott
*v.*
Hull.

and attendance, is unquestionable. The words of the contract, unrestrained as they are by the subject matter or any stipulation whatever, reach to this extent ; and the opposing supposition is equally adverse to reason and common humanity. On this ground, then, there exists no objection to the judge's charge.

The omission to supply the plaintiff and wife with a conveyance to and from a place of public worship, rests on no foundation. How fit and reasonable soever this may have been, it is a conclusive reply to such a claim, that the defendant entered into no covenant on this subject.

There exists no doubt that the determinations of the judge on the circuit, were entirely correct ; and for this reason, I would not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.