THE PENHRYN SLATE COMPANY, Appellant, *against* HENRY J. MEYER, Respondent.

(Decided April 1st, 1878.)

The right of the plaintiff, having the affirmative of the issue, to open and close the proofs, and to reply in summing up the case to the jury, is a strict legal right, and a refusal to allow it is ground for reversal of the judgment.

An error of the court in refusing to allow the plaintiff to open the case to the jury is not cured at a later stage of the trial by allowing him the closing address.

Where in an action to recover the value of goods—house fixtures, sold, delivered and set up—the answer admits the sale, delivery, setting up and value as alleged in the complaint, but alleges that the goods were not perfect, nor according to agreement, but were valueless ; that it was agreed that they should be perfect ; that if they had been perfect they would have been worth a certain sum, and claims to recoup that sum, the answer should be construed as denying the delivery, and setting up of the articles agreed upon. and the affirmative of the issue is upon the plaintiff.

APPEAL from a judgment of the Marine Court of the city of New York entered upon a decision of the general term of that court affirming a judgment for the defendant for his costs, entered upon a verdict for the plaintiff rendered at a trial term of that court, and affirming an order made at the trial denying a motion made upon the minutes for a new trial.

The complaint alleged that plaintiff "sold and delivered

to the defendant certain goods, to wit : mantels, hearths and frames, &c., of the amount and value, when delivered and set up, of $390, and that the same were delivered and set up ; that the defendant paid the plaintiff on account thereof $171, and no more," and demanded judgment for $219 and interest.

The answer first specifically admitted the facts above stated, and then alleged that part of the goods " were not perfect and according to agreement ;" then by way of further answer, recoupment and set-off alleged an agreement between defendant and plaintiff at the time of the bargain and sale, " that the said mantels, hearths, frames, &c., should be perfect and in every way satisfactory ;" that one of said mantels proved upon trial to be imperfect and unsatisfactory ; that defendant promptly notified plaintiff to take it away ; that defendant at all times had been ready to deliver it; that it would have been, if perfect and satisfactory, worth $200, but that it was totally worthless, useless, and of no value to defendant.   For a further answer defendant alleged that at the time of the payment of the $171 the defendant intended to pay, and plaintiff intended to receive, " the full price, as agreed, of such part of said mantels and fixtures as were perfect and satisfactory to the defendant ;" that such price was $190, but by mutual misapprehension of both parties only $171 was paid, and that defendant had always been, and was then, ready and willing to pay $19 to plaintiff.   The answer then denied each and every allegation of the complaint not before expressly admitted.

At the opening of the trial plaintiff moved for judgment upon the pleadings.   The motion was denied.   Under objection of the plaintiff the court allowed the defendant to open the case, to which ruling the plaintiff excepted.   When the evidence was in, plaintiff again claimed the right of the party holding the affirmative, and was allowed by the court to make the closing address to the jury.   The jury returned a verdict in the sum of $19 for the plaintiff.

*L. A. Gould*, for appellant.

*B. F. Watson*, for respondent.

CHARLES P. DALY, Chief Justice.—The plaintiff was not entitled to judgment upon the pleadings. The cause of action as averred—the plaintiff's right to recover $219, the balance due upon certain mantels, hearths and frames, of the value, when set up, of $390, upon which $171 had been paid—was not admitted by the answer. The answer admits that the plaintiff sold to the defendant mantels, hearths and frames of the amount and value as stated when delivered. That the said goods were delivered and set up, but that a part thereof was not perfect and according to agreement. There was a distinct denial that the plaintiff delivered and set up the articles sold, and which they had agreed to deliver and set up, which left it for the plaintiff to prove a performance of the contract averred by the complaint and admitted by the answer, or the answer might be regarded as admitting the sale and delivery of the articles, and averring a right to recoup damages upon the ground that the articles when set up were not of the kind or value agreed upon. Taking the whole answer together, this may have been the proper construction of it; so that in either case the motion for judgment upon the pleadings was properly denied.

In an action for goods sold and delivered for a stipulated sum, an answer that the articles delivered were not of the quality, kind or value agreed upon is either an answer to the whole demand, upon the ground that the contract had not been performed, or is available by way of recoupment to reduce the price agreed upon to the sum which the defendant who has kept the articles ought to pay; and all that the plaintiff ought to have for the defective articles he delivered. (*Farnsworth* v. *Garrard*, 1 Camp. 38; *Fisher* v. *Samuda*, id. 190.)

In either aspect it is a denial that the plaintiff delivered the articles agreed upon, and that being the issue created by the pleadings the affirmative of it is upon the plaintiff to show the performance of the contract on his part, which has not been admitted. The judge at the trial, however, held otherwise. He held that the defendant had the affirmative of the issue, to which the plaintiff excepted; whereas if, as

he had previously held, the plaintiffs were not entitled to judgment upon the pleadings, then the affirmative of the issue was certainly with them.

There are therefore two questions :—1st. Was the judge right in holding that the defendant had the affirmative of the issue; and, 2d. If he was not, was the error cured by allowing him, after all the evidence was given, to close the case in summing up to the jury?

I have already said that the affirmative of the issue necessarily created by the pleadings was with the plaintiff. Where the plaintiff's cause of action is affirmatively admitted, and the admission made leaves him nothing to prove, the defence set up being in the nature of a counter-claim, the affirmative of such an issue is upon the defendant, who is entitled to begin and close the case. But that was not the state of facts here. The pleading, in whatever aspect it is viewed, denied that the articles delivered were of the kind agreed upon ; the averment being that " a part of them were not perfect and according to agreement." It was in substance, that the contract averred in the complaint had not been performed, and as the obligation was upon the plaintiffs to show that it had been, they had the affirmative of that issue, and were entitled to begin and to close the case. The authority relied upon by the respondent (*Hoxie* v. *Green*, 37 How. 97) was a very different case from this. The action there was upon a promissory note, the making of which was admitted, and the making of the note by the defendant was all that the plaintiff could be required to prove in the action brought upon it. The defence set up was that it was given under duress, and therefore without consideration ; that it was transferred to the plaintiff after it was due, and that he was not the real owner. These allegations, requiring no reply, were deemed denied by the plaintiff (Code, § 168), and upon the issue thus created, the affirmative was with the defendant, the plaintiff upon the pleadings being entitled to recover without the production of any evidence. The ruling at the trial, that the defendant had the affirmative of all these issues, was therefore affirmed. Such also was the case

of *Huntington* v. *Conkey* (33 Barb. 218), where the note sued upon was admitted, and the defence set up was usury, which it was incumbent upon the defendant to prove affirmatively.

Where the plaintiff has the affirmative of the issue he has the right to open and close the proofs, and the right to reply in summing up the case to the jury. It is a legal right, not a matter in the discretion of the court, and if he is deprived of it it is error. (*Millerd* v. *Thorn*, 15 Abb. N. S. [Court of Appeals], 376; S. C. 56 N. Y. 402.) After the denial of the plaintiff's motion for judgment upon the pleadings, the judge, as I have said, held that the defendant had the affirmative of the issue, to which the plaintiff excepted. The defendant then gave all his testimony, and when he rested the plaintiff gave his evidence in reply; and when all the testimony was in, the plaintiff claimed the right to close to the jury, as having the affirmative, upon which the judge said that he thought he was in error when he deprived the plaintiff of the right of opening, and that he would therefore give them the affirmative, which, as the testimony was all in, was the closing address to the jury, of which the plaintiffs, it appears, availed themselves.

As the plaintiff's right to open the proof affirmatively was denied, and they excepted to the ruling, I do not think that the error was cured by allowing them, after the testimony was in, the closing address to the jury. The opening of the case to the jury, by the plaintiffs, and the laying before them of their evidence in the first instance, and confining the defendant to evidence in the way of reply, was a part of their legal right, of which they were deprived under exception, and I fail to see how the error is cured by allowing them afterwards what was their further right—the final address to the jury. Depriving a party of one part of his legal right is certainly not cured by allowing him another part. This being, as the Court of Appeals have held, a strict legal right, the judgment will have, for this error alone, to be reversed, which is to be regretted, as the case has been already tried three times, and upon two occasions has resulted in favor of the defendant. We are not required under the new

Code to grant a new trial, if in our opinion substantial justice does not require it (§ 1003); but it would be going very far to say that, in our judgment, the plaintiff's rights were in no way materially affected by allowing the defendant to open the case and to lay his evidence before the jury in the first instance. I think, therefore, that the judgment will have to be reversed.

ROBINSON and LARREMORE, JJ., concurred.

Judgment reversed.