WALTER H. DOUGLASS, *as Sheriff, etc.*, v. THEODOSIA HILL.

1. RIGHT OF PARTY *to be Heard by Counsel.* When a controverted question of fact is to be submitted to a jury for its determination, either party has an absolute right to be heard by his counsel in argument thereon to the jury; and while the court may impose reasonable restrictions as to the time to be occupied by the argument, that is the limit of its power.

2. HUSBAND AND WIFE; *Agency; Competent Evidence.* Where a married woman, a party to an action, testifies that she was the owner of certain moneys, that she placed them in the hands of her husband to manage for her, and that he acted in the handling of them as her agent, and offers in evidence certain notes, mortgages, and bill of sale, all standing in her name, *held,* that such testimony is competent; that it shows *prima facie* that her husband was acting as her agent, and makes such husband a competent witness as to the transactions had personally by him with the vendor in such bill of sale.

3. LARGE LATITUDE OF INQUIRY, *When.* Where the question in issue is as to the *bona fides* of an alleged purchase of a stock of goods, large latitude of inquiry should be permitted as to the conduct of the parties, the circumstances of the transaction, the consideration of the purchase, and the means of the vendee.

4. APPRAISEMENT, *When not Conclusive as to Value.* Where a sheriff seizes personal property on a writ of attachment, and afterward sells the same at official sale, the appraisement made at the time of the levy is not conclusive as to the value. The amount received at such sale is competent evidence, as also the opinions of persons familiar with the goods and acquainted generally with the value of such goods.

*Error from Butler District Court.*

ACTION brought by *Hill* against *Douglass,* as sheriff of Butler county, to recover the value of a certain stock of goods. Trial at the September Term, 1881, of the district court, and judgment for plaintiff for $770 and costs. The defendant brings the case here. The opinion states the facts.

*A. L. Redden,* and *R. A. Cameron,* for plaintiff in error.

*T. O. Shinn,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the defendant in error, plaintiff below, to recover the value of a certain stock of goods claimed to have been taken and converted to his own use by defendant.   Prior to May 2, 1881, the goods belonged to and were in the possession of one J. L. Bowlden.   On that day plaintiff claims to have purchased them.   Thereafter the defendant, as sheriff of Butler county, seized them by virtue of a writ of attachment issued against said Bowlden.   Therefore the question in the case was, whether the goods at the time of the levy by the sheriff were the property of said Bowlden; and this depends on the further question whether the sale to plaintiff was valid, or not.   The dealings with Bowlden were had by Edwin Hill, the husband of plaintiff, who she claimed was acting as her agent.   With this general statement of the case, we pass to the consideration of the particular questions presented.   The action was tried before a jury, and at its close defendant claimed the right to argue the questions of fact to the jury, but the court refused to permit any argument.   This ruling is alleged as the principal ground for reversal.   The court in its instructions submitted to the jury a question of fact in these words: "If you find from the evidence that at the time of the conversion of the property the plaintiff was the owner of it, it will be your duty to find a verdict in her favor for the value of the property."   Counsel insist that wherever a question of fact is submitted to a jury, counsel has a right to be heard in argument thereon; and while it is conceded that the court has a discretion in restricting the time to be occupied in such argument, claim that to refuse any argument is a denial of an absolute right, and manifest error.   As a general proposition we think this is unquestionably true.   A party to a law suit has a right to be heard, not merely in the testimony of his witnesses, but also in the arguments of his counsel.   It matters not how weak and inconclusive his testimony may be, if it is enough to present a

disputed question of fact upon which he is entitled to a ver-
dict of the jury, he has a right to present in the arguments of
his counsel his view of the case.   This is no matter of discre-
tion on the part of the court, but an absolute right of the party.
Courts doubtless may prevent their time from being unneces-
sarily occupied by prolix arguments, and so may limit the
time which counsel shall occupy.   And if the restriction is a
reasonable one in view of the questions involved, and the
testimony presented, there will be no error.   (*The State v.
Riddle*, 20 Kas. 716.)   But limiting the time of an argu-
ment and refusing to permit any argument at all, are entirely
different matters.   The one is the exercise of a discretion, the
other is a denial of a right.   (Weeks on Attorneys at Law,
pp. 209, 213, §§ 110, 115;  Proffatt on Jury Trials, § 248;
*Garrison v. Wilcoxson*, 11 Ga. 154;  *People v. Keenan*, 13 Cal.
581;  *Commonwealth v. Porter*, 10 Metc. 263;  *Commonwealth v.
Austin*, 7 Gray, 51;  *Wilkins v. Anderson*, 11 Pa. St. 399;  *Dob-
bins v. Oswalt*, 20 Ark. 619;  *Tobin v. Jenkins*, 29 id. 151;
*Brooks v. Perry*, 23 id. 32;  *Bertrand v. Taylor*, 32 id. 470;
*Cory v. Silcox*, 5 Ind. 370;  *State v. Page*, 21 Mo. 257;  *Fre-
ligh v. Ames*, 31 id. 253;  *Trice v. Rld. Co.* 35 id. 416;  *Bier-
son v. Mahoney*, 6 Baxter [Tenn.], 304;  *Coldwell v. Brower*,
75 Ill. 516;  *Slate Co. v. Meyer*, 8 Daly, 61;  *Millard v. Thorne*,
56 N. Y. 402.)

Not seriously disputing this proposition, counsel for de-
fendant in error insists that when there is no evidence in the
case, legally sufficient, from which a jury could legitimately
find a verdict in favor of a party, the court may properly
refuse any argument in behalf of such party to the jury,
(*Bankard v. Rld. Co.*, 34 Md. 197,) and claims that here the
testimony was all one way, and necessarily compelled the
verdict which was in fact returned.   It is common and cor-
rect practice to direct a jury to return a verdict in favor of a
party when there is no testimony legally sufficient to justify
a verdict against him.   And in such cases it would be folly
to permit argument for or against such direction.   The coun-
sel is doubtless right in this, and therefore we are compelled

34—29 KAS.

to examine the evidence. Yet as the court submitted a question of fact to the jury, we should presume that there was a question of fact to be determined by them. The court did not direct a verdict for the plaintiff, as it might and perhaps ought to have done, if the testimony compelled such a verdict. The action of the court is therefore against the claim of the counsel. Turning to the evidence, and considering only that which the court permitted to go to the jury, we must say that probably counsel's position is well taken. The court really permitted very little testimony to go to the jury. Objections were sustained to about every other question asked, and even of that testimony which was at first admitted, much was thereafter stricken out. So the counsel is doubtless correct in saying that upon the evidence admitted the jury ought not to have found other than as they did. But we are constrained to think that there was error in rejecting and ruling out testimony. We think the court unnecessarily and improperly circumscribed the limits of the inquiry. We shall not attempt to notice in detail the various rulings made thereon, but shall content ourselves with stating in a general way what testimony was competent, and to what limits the inquiry should have been permitted. As heretofore stated, the negotiations with Bowlden were personally conducted by the husband of plaintiff. She testified that she had money of her own which she received from England; that she turned it over to her husband, who loaned and managed it as her agent. The bill of sale from Bowlden was to her; prior notes and mortgages also ran to her. Now whether she could testify as to what she said to her husband, or to what her husband said to her, or as to any communications between them, here was enough and competent testimony to show *prima facie* that he was acting as her agent. Therefore he was a competent witness to testify as to all the dealings and transactions with Bowlden in respect to the loaning of money and the purchase of the goods.

Again, where a purchase like this is charged to have been made in bad faith, and with a fraudulent intent as against

creditors, a large latitude of inquiry should be permitted as to the circumstances surrounding the transaction, the conduct of the parties, before and after the alleged purchase, the actual consideration, and the means of the vendee; for only in that way can the fraud, if any there be in the transaction, be exposed.

Again, the value of the goods taken on the attachment and afterward sold by the officer is not determined solely by the appraisement. The amount received by the officer on sale is some evidence of value. (1 Phillips on Evidence, p. 785, note 4; *Shattuck v. Rld. Co.*, 6 Allen, 115; *Wyman v. Rld. Co.*, 13 Metc. 326.) So also the opinions of those who have been engaged in dealing in goods of a similar nature, and testify that they are acquainted with the values thereof. We might mention other matters, but these are enough. In these respects as well as some others, we think the court improperly rejected testimony, and circumscribed within too narrow limits the scope of the inquiry. We think all the facts were not brought out, and that the parties have not had a full and fair trial. Perhaps if all the circumstances of the transaction and prior dealings between the parties had been fully developed, a more doubtful question of fact would have been presented, and one upon which the plaintiff in error would clearly have had a right to be heard by his counsel in argument. The case must therefore be reversed, and remanded for a new trial.

All the Justices concurring.