## RENSSELAER COUNTY COURT.

In the Matter of STEWART CHURCH, a supposed lunatic.

*Practice — In proceedings de lunatico inquirendo — Right of counsel to sum up to the jury — Refusal of such right, error — Code of Civil Procedure, sections* 2323, 2325, 2327, 2328.

In proceedings instituted for the purpose of inquiring as to the sanity of a citizen, the practice is to present to the court a verified petition, accompanied by affidavits alleging the incompetency, by reason of unsoundness of mind, to manage his affairs, of the person concerning whose sanity an investigation is sought, and praying the appointment of a committee of his person and estate. A commission thereupon issues to one or more commissioners, who cause a jury to be summoned, before whom the investigation is had. This was the course pursued in this case, and on the hearing before the jury various objections were taken to the admission of evidence, and at the close of the proof counsel for the alleged lunatic insisted upon the right to address the jury on his behalf, which was refused by the commissioner. On motion to confirm;

*Held,* that the refusal of the commissioner to allow the counsel for the alleged lunatic the right to address the jury upon the evidence is error and fatal to the motion to confirm the findings of the jury.

*February*, 1883.

ON the petition of one of the relatives of Stewart Church, accompanied by affidavits, in compliance with section 2325 of the Code of Civil Procedure, an order was granted by this court, directing that a commission issue to a person therein named for the purpose of causing inquiry to be made, pursuant to sections 2328, &c., concerning, among other things, the alleged lunacy of said Church.

A jury was accordingly duly summoned, impanneled and sworn and the inquiry proceeded with before them. Both the petitioner and the alleged lunatic appeared by counsel, and witnesses were produced and examined on behalf of each. At the close of the evidence, counsel for the alleged lunatic asked leave to address the jury on his behalf, claiming and insisting on his right to do so. This was refused by the commissioner. The jury found against Church. The petitioner now moves for an order confirming the findings of the jury and the appointment of a committee. The motion is opposed on behalf of Church for alleged errors and irregularities in the proceedings, and on the further ground that the finding of lunacy is not justified by the evidence.

*Orrin Gamble*, for petitioner.

*Henry A. King*, for Church.

FURSMAN, *J.*— Proceedings instituted for the purpose of inquiring as to the sanity of a citizen, and which may and often do result in depriving him of the control of his property, and even of his liberty, are of such grave importance as to require the careful scrutiny of the court, to ascertain whether any errors have been committed which may have worked injustice to the supposed lunatic. The practice is to present to the court a verified petition, accompanied by affidavits alleging the incompetency, by reason of unsoundness of mind, to manage his affairs, of the person concerning whose sanity an investigation is sought, and praying the

Matter of Church.

appointment of a committee of his person and estate. A commission thereupon issues to one or more commissioners, who cause a jury to be summoned before whom the investigation is had. This was the course pursued in this case. On the hearing before the jury various objections were taken to the admission of evidence; and at the close of the proof, counsel for the alleged lunatic insisted upon the right to address the jury on his behalf. This was refused by the commissioner, and an exception was taken to such refusal. This was error. The right of the petitioner, and of the alleged lunatic to appear by counsel, to challenge jurors, and to produce, examine and cross-examine witnesses, is unquestioned. Objections to the competency and materiality of evidence may be raised and insisted upon, and the rulings of the commissioner admitting or excluding evidence may be reviewed on the motion to confirm. And the court may, for errors in this respect, set aside the commission or order a new trial. The hearing before the jury is conducted in all respects as a trial. Questions both of law and of fact are there considered and passed upon. There is a well defined issue between the parties. The petitioner avers lunacy, the alleged lunatic denies it. Witnesses are examined concerning the acts, conversations, demeanor and manner of life of the alleged lunatic during the two years immediately preceding the inquiry. Facts bearing upon these subjects may be given, and witnesses are allowed to express an opinion whether the acts, conversations, &c., testified to by them were rational or irrational, and the opinion of experts may be taken as to the mental condition of the party. The commissioner must charge the jury as to the law, and in his charge may recapitulate the facts, and his charge is subject to review. As I have before said, the question whether a man is or is not insane is of very great importance. It is difficult to conceive of a case, not involving human life, which can be of more importance. Society is as much interested in being protected against the violence of the insane as against the depredations of criminals.

A person judicially declared to be a lunatic is at once deprived of all control, not only of his property, but of his person as well. While this judgment remains in force he cannot make the simplest contract, nor even dispose of his estate by will. He may be restrained of his liberty, and if, by reason of his supposed harmlessness, this is not done, he is shunned as well as pitied by his neighbors and friends. Being in fact sane, he may, by force of this judgment, be confined in an asylum with the really mad, and his whole life rendered a burden to him. Any person may present a petition charging that another is a lunatic (*Code of Civ. Pro.*, sec. 2323), and if verified, accompanied by proper affidavits and sufficient in substance, it is made the imperative duty of the court to cause his mental condition to be inquired into, either by a commission, as in this case, or by a jury trial at a term of the Court (*Sec.* 2327). In either case the jury is to pass upon the question of his sanity. Their verdict must be founded upon legal evidence of his conduct, conversations, and demeanor, supplemented, it may be, by the opinions of those who have observed these, and of experts.

There is no other forum where he can be heard to deny, qualify, or explain away the evidence brought against him. It is therefore of the very greatest importance that a right conclusion should be arrived at. He is entitled to have the evidence "sifted to the last syllable." It is conceded that he may appear by counsel, who, in every other respect, may have the full charge and conduct of the case, as in ordinary actions. It is only denied that he may have the benefit of counsel's argument upon the facts to the jury. Everything that is said and done at the hearing is said and done for the purpose of enabling the jury to intelligently and rightly determine whether the supposed lunatic is in fact insane, and should be deprived of the control of his property and person. It is therefore of the greatest consequence that the jury should be able to clearly understand the relation of the facts to each other, to appreciate the force of the evidence and be able to

Matter of Church.

give it proper weight and consideration, in order to reach a just decision of the question before them.

It is of the highest importance that the supposed lunatic should have the aid of counsel in sifting, comparing, and arguing upon the evidence. I think this is a legal right which cannot properly be denied him. I think that the alleged lunatic has a right to argue to the jury that the facts proved against him do not establish his insanity, or that his own proof overcomes that of his adversary. I think that he is entitled to point out to the jury discrepancies and contradictions in the evidence; to comment upon the credibility of witnesses; to urge that the weight of evidence is with him, and that, even from the evidence produced against him, an inference may, and justly ought to be drawn in his favor. If he may do this at all he may do it by counsel. In my judgment it is of quite as much importance that he should have the aid of counsel in arguing his case to the jury as in examining and cross-examining witnesses, I know of no principle of law which authorizes the commissioner to refuse to permit the exercise of their right. In ordinary civil and criminal actions the right to sum up to the jury is considered to be of great importance and a refusal to permit it is regarded as error. In *Penhryn Slate Co.* agt. *Meyer* (8 *Daly*, 61) it was held that the right to open and close the proofs, and to reply in summing up the case to the jury, is a strict legal right, not resting in the discretion of the court, and that to deprive a party of it is error. A similar doctrine was held in *Millard* agt. *Thorn* (58 *N. Y.*, 402). In *Scott* agt. *Hull* (8 *Conn.*, 296) judge HOSMER says of the party having the affirmative of the issue: "His was the right of opening and closing the argument." It was, however, held in that case to be a question of practice, and that it was discretionary with the court to allow either party to go first forward with the argument. The rule is otherwise in this state (*Millard* agt. *Thorn*, supra). In *Davis* agt. *Mason* (4 *Pick.*, 158) the defendant had been refused the right to begin at the trial. In granting

a new trial for that reason, chief justice PARKER said: "Considering this right of opening the cause and replying to the arguments of the plaintiff may be important, we feel ourselves obliged to grant a new trial, although from the view of the case which we have from the report we think that the verdict was right." In *Huntington* agt. *Conkey* (33 *Barb.*, 218) judge E. DARWIN SMITH says: "The privilege of making the opening statement of the case to the jury and of making the closing argument upon the evidence is an advantage not unappreciated or inconsiderately sought and claimed by the counsel for litigating parties in courts of justice. In many cases it is of the highest importance, and particularly so when the facts are complicated and there is contrariety in the evidence, or it is nicely balanced and slight circumstances are likely to turn the scale" (*In the Matter of Dickie*, 7 *Abb. N. C.*, 417). Counsel for the alleged lunatic was permitted to sum up against the objection and exception of the petitioner. The jury having found that the alleged lunatic was of sound mind, on the motion to confirm it was insisted that this was error. The court, BRADY, J., held otherwise and sustained the finding (*In the Matter of Arnhout*, 1 *Paige*, 498). Chancellor WALWORTH, in setting aside a commission for irregularities and ordering a new one to issue, assumed to give directions to the new commissioners as to the manner of their procedure in executing it. He said: "After the testimony is closed the commissioners should submit the question to the jury in the form of a charge, stating the law applicable to the case and recapitulating the facts if necessary, but without argument of counsel on either side." No authority is cited and no reason is given why counsel should not be allowed to address the jury. The question was not before the chancellor for adjudication, and his remark does not rise to the dignity of a decision. I cannot regard it as an authority and am satisfied that the weight of reasoning is the other way. Barbour's Chancery Practice and Crary's Special Proceedings contain the same statement in the same language

Matter of Church.

(*citing* 1 *Paige, supra*), as the authority therefor.  Neither they nor any other text writer whose works I have been able to consult furnish any reason whatever in support of such a rule, and I think the principle established by the cases above cited is in direct conflict with it.  It is urged by counsel for the petitioner that it is always discretionary with the trial court to grant or refuse permission to counsel to sum up to the jury, and I am cited to a remark of judge WILLARD, in the case of *The People* agt. *Cook* (8 *N. Y.*, 87), to the effect that whether counsel shall be permitted to address the jury is a matter resting in the sound discretion of the court.  The question was not involved in the case.  The trial court had ruled that there was no question of fact arising on the evidence for the jury to pass upon, and directed a verdict. According to the view of the presiding judge, there was nothing about which counsel could argue to the jury, and the court of appeals sustained this ruling.  The remark that it is discretionary with the court to permit or refuse permission to counsel to sum up was wholly *obiter*.  If it could be considered an authority at all in this respect, it is overruled by *Millard* agt. *Thorn*, above cited.

Inasmuch as I deem the error of the commissioner, in refusing the counsel for Church the right to address the jury upon the evidence, fatal to the motion to confirm the findings of the jury, I do not deem it necessary to consider the other questions in the case.

The motion to confirm is denied and a new hearing ordered.