*In re* BENNETT.

(*Supreme Court, Special Term, New York County.*   January 22, 1889.)

1. HABITUAL DRUNKARD—PROCEDURE—NOTICE.

Code Civil Proc. N. Y. § 2325, requires notice of the presentation of a petition to have a person declared an habitual drunkard to be given to such person's husband or wife, if any, or to one or more relatives. *Held,* that a declaration that a woman was an habitual drunkard would not be confirmed where notice of the proceedings was not served on any one, and the woman was not represented by counsel, and it is immaterial that her father and brother were notified to attend before the jury, where they did not provide her with counsel, and she alleges that they were inimical to her.

2. SAME.

The fact that the woman has been found guilty of drunkenness by a justice, pending the proceeding, cannot be considered on an application to set aside the order finding her an habitual drunkard.

At chambers.

Petition by the Society for the Prevention of Cruelty to Children to have Elizabeth Bennett declared an habitual drunkard. The sheriff's jury so found, and a commission was issued. Defendant procured an order to show cause why such commission should not be vacated.

*John B. Pine, (Elbridge T. Gerry,* of counsel,) for petitioner.   *Gustavus W. Ransom, (Carlisle Norwood, Jr.,* of counsel,) for defendant.

LAWRENCE, J.   I am unwilling to confirm the findings of the sheriff's jury upon the inquisition, for the reason that the alleged habitual drunkard was not served with the petition, nor represented at the inquisition by counsel; and also because she had no opportunity of appearing by counsel and presenting any defense which she may have had to the charges made against her. Those charges were of a most serious character, and the result of confirming the inquisition will be to deprive the petitioner of the control of her property, as well as of her liberty, without having been heard. A proceeding of this character should not be resorted to, except in the clearest of cases, nor should it finally be consummated until both sides have had the fullest opportunity for presenting their views.   Section 2325, Code Civil Proc., requires that notice of the presentation of the petition should be given to the husband or the wife of the person proceeded against, or to one or more relatives of the person alleged to be incompetent, or to an officer mentioned in the last section, *i. e.,* an overseer or superintendent of the poor, etc.,   *   *   *   or the officer or officers performing corresponding functions under another official title, etc.   No notice of the presentation of the petition for the appointment of a committee appears to have been served in this case upon any one.   The notice to the petitioner's father and brother, who the petitioner's counsel contends are inimical to her, to attend before the sheriff's jury, does not remove the difficulty presented by the case.   They did not provide her with counsel, nor, if her allegations are true, did they desire to do so.   The result is that she has been tried, found guilty, and condemned without a hearing.   Under such circumstances the court ought not to confirm the inquisition.   See *In re Janes,* 30 How. Pr. 446, 453; *In re Petit,* 2 Paige, 174; *In re Payn,* 8 How. Pr. 220.   See, also, *In re Church,* 64 How. Pr. 393, particularly as to the right of the defendant to have counsel, and also the opinion of Justice BRADY in *Re Dickie,* 7 Abb. N. C. 417.

The fact that the petitioner has, during the pendency of this proceeding, been found guilty of drunkenness by a police justice cannot be considered on this application.

After fully examining all the papers in the case, I am of the opinion that in consequence of the failure to give notice of the presentation of the petition in the first instance, as required by the Code, and of the fact that the defendant had no opportunity of appearing by counsel and of duly presenting her

case, all the proceedings, except the filing of the first petition, should be set aside, with leave to the petitioner, the Society for the Prevention of Cruelty to Children, to make such further application on said petition, if any, as they may be advised.